**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSHUA JAMES,

       Plaintiff,

   v.

ALDI, INC.; DOLLAR GENERAL;
EBAY; and KEVIN ACCESSORIES
ONLINE;

       Defendants.

CIVIL ACTION NO. <u>2:21-cv-209          </u>

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Dollar General, Inc. (incorrectly named Dollar General) (hereinafter "Dollar General") hereby removes this case from the Court of Common Pleas for Allegheny County, Pennsylvania, to this Court.  In support of this notice of removal, Dollar General states as follows:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On or about November 12, 2020, Plaintiff Joshua James ("Plaintiff") commenced a putative class action by filing a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, titled *Joshua James v. Aldi, Inc.; Dollar General; EBAY; and Kevin Accessories Online*, Case No. GD-20-011704 ("State Court Action").  A true and correct copy of the Complaint is attached hereto as part of **Exhibit 1,** pp. 2-22.

2.    In his Complaint, Plaintiff asserts claims against Dollar General, Aldi, Inc. ("Aldi"), and "eBay by and through Kevin Accessories Online" ("eBay") (collectively, Dollar General, Aldi, and eBay are referred to as the "Defendants") for (1) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and Pennsylvania's Fair Credit

Extension Uniformity Act ("PFCEUA"), (2) conspiracy to commit conversion (as to eBay only), (3) unjust enrichment; (4) "misappropriation/conversion;" and (5) permanent injunctive relief in connection with the Defendants' collection of Pennsylvania sales tax on "protective face masks."

3.      On or about January 22, 2021, Dollar General agreed to accept service of the Complaint and, at the request of Plaintiff, the undersigned counsel executed and filed an Acceptance of Service form in the State Court Action that day.  A true and correct copy of the Acceptance of Service form filed in the State Court Action is attached hereto as **Exhibit 2**.

4.      Plaintiff is a resident of Freeport, Pennsylvania.  Compl. ¶ 1.

5.      Dollar General is a Tennessee corporation with its principal place of business in Tennessee.[1]  *See* Compl. ¶ 3; Declaration of Neal Miller ("Miller Decl."), attached hereto as **Exhibit 3**, at ¶ 3.  Dollar General is thus a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6.      Defendant Aldi, Inc. is a corporation incorporated in Illinois with its principal place of business in Illinois.  *See* Compl. ¶ 2; *see also* Declaration of Courtney Schorr ("Schorr Decl."), attached hereto as **Exhibit 4**, at ¶ 4.  Aldi is thus a citizen of Illinois for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7.      Plaintiff sued Defendant eBay and "Kevin Accessories Online" as one entity in the Complaint.  Compl. ¶¶ 4, 56-73.  Defendant eBay is a corporation incorporated in Delaware with its principal place of business in California.  *See* Compl. ¶ 4; *see also* **Exhibit 4**, Schorr Decl. ¶ 5.

---

[1] When removing a matter, a defendant may assert the proper citizenship of parties even if not provided in the Complaint. *Nusire, v. Bristol W. Ins. Co.*, No. CV 15-2014, 2015 WL 5783688, at *2 (E.D. Pa. Oct. 5, 2015) (denying motion to remand where "Defendants properly [ ] alleged the principal place of business for each corporate Defendant while Plaintiff [ ] failed to allege that either corporation has its sole principal place of business in Pennsylvania, rather than simply conducting business in Pennsylvania.").

Defendant eBay is thus a citizen of Delaware and California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.      Upon information and belief, and based on the searches of the undersigned counsel, Kevin Accessories Online does not appear to exist as a corporate entity and is not registered to do business in any state.  **Exhibit 4**, Schorr Decl. ¶ 6.

9.      Removal of this action is appropriate under 28 U.S.C. § 1332(d) because the putative class size exceeds 100; the parties are diverse; and the amount in controversy exceeds $5 million.

## II.      BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005

10.      Defendant avers that this Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d)(2). There is no presumption against removal under CAFA.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("*Dart Cherokee*") ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").  To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'"  *Id.* at 554, *quoting* S. Rep. No. 109-14, p. 43 (2005).

11.      Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a state different from any defendant, where the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members.  28 U.S.C. § 1332(d)(2)-(6).  CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

12.     This action is one which may be removed to this Court by Defendant because:  (1) the number of members of all proposed plaintiff classes in the aggregate is more than 100 class members; (2) there is diversity of citizenship between Plaintiffs and Defendant Dollar General; and (3) the amount in controversy for all class members exceeds $5,000,000.00.

**A.     This Involves A Class of Over 100 Members.**

13.     CAFA requires that **"**the number of members of *all proposed plaintiff classes in the aggregate***"** be at least 100.  28 U.S.C. **§** 1332(d)(5)(B) (emphasis added).

14.     Plaintiff bring this action on behalf of himself and three putative classes defined as:

**The Aldi Class:**  All individuals who purchased a protective face mask or face covering from an Aldi retail location within Pennsylvania, or via Aldi's website, on or after March 6, 2020 and arranged for delivery into Pennsylvania, and who were charged an amount or fee represented to be sales tax on that purchase.

**The Dollar General Class:**  All individuals who purchased a protective face mask or face covering from a Dollar General retail location within Pennsylvania, or via Dollar General's website, on or after March 6, 2020 and arranged for delivery into Pennsylvania, and who were charged an amount or fee represented to be sales tax on that purchase.

**The eBay and Kevin Accessories Online Class:** All individuals who purchased a protective face mask or face covering from a eBya and Kevin Accessories Online location within Pennsylvania, or via eBay and Kevin Accessories Online website, on or after March 6, 2020 and arranged for delivery into Pennsylvania, and who were charged an amount or fee represented to be sales tax on that purchase.

*See* Compl. ¶ 18.

15.     The Complaint alleges that "the members of Class [sic] are so numerous that individual joinder of all class members is impracticable."  Compl. ¶ 21.

16.     The Complaint further alleges that "[b]ecause there are almost 13,000,000 citizens residing within the Commonwealth of Pennsylvania, there are likely hundreds, thousands, or more members of each aforementioned class."  *Id.*

17.     Thus, Plaintiff's own allegations confirm that there are more than 100 people in each class, including the Dollar General Putative Class.

18.     Furthermore, based on Dollar General's business records, Dollar General can confirm that the alleged Dollar General Putative Class exceeds 100 individuals.

19.     Thus, CAFA's numerosity requirement is satisfied.  *See* 28 U.S.C. **§** 1332(d)(5)(B).

**B.     The Parties Are Minimally Diverse.**

20.     CAFA only requires minimal diversity, i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Here, there is at least minimal diversity.

21.     Plaintiff is a resident of Pennsylvania, *see* Compl. ¶ 1, and therefore is a citizen of Pennsylvania for diversity purposes.  *See Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 752 (W.D. Pa. 2015) ("Citizenship of natural persons is synonymous with domicile, and the domicile of an individual is his true, fixe and permanent home and place of habitation." (internal quotation marks and citations omitted)).

22.     Dollar General is a citizen of Tennessee.  *See* U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business….").

23.     Accordingly, because Plaintiff and Dollar General are citizens of different states, minimal diversity exists.  28 U.S.C. § 1332(d)(2)(A); *Papurello*, 144 F. Supp. 3d at 755 ("CAFA requires minimal diversity—i.e., a showing that any class member and any defendant are citizens of different states." (internal quotation marks and citations omitted)).

**C.     The Amount In Controversy Is Satisfied.**

24.     CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *Id.* § 1332(d)(2).  It further provides that "to

determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

25.     While Dollar General denies any liability to Plaintiff, the alleged Dollar General Putative Class, or any other putative class in this action,[2] and denies that any class properly could be certified under Federal Rule of Civil Procedure 23, the aggregate amount of relief sought by the alleged Dollar General Putative Class exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A))).

26.     Plaintiff and the alleged Dollar General Putative Class seek statutory damages pursuant to UTPCPL 73 P.S. 201-9.2(a), which provides for actual damages or $100 for each alleged violation, whichever is greater.  Compl. ¶ 53.

27.     Plaintiff and the alleged Dollar General Putative Class also seek damages for "mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit," which Plaintiff states "may be assessed and trebled at the discretion of the court…." Compl. ¶ 54.

28.     Finally, Plaintiff and the alleged Dollar General Putative Class seek punitive damages and attorney's fees.  Compl. ¶ 55 & Request for Relief.

---

[2] In filing this Notice of Removal Dollar General does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the alleged Dollar General Putative Class or any other class alleged in this action. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Margulis v. Resort Rental, LLC*, No. 08-1719, 2008 U.S. Dist. LEXIS 115287, at *13 (D.N.J. June 30, 2008) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

29.     According to its business records, Dollar General had more than 50,000 transactions involving "protective face masks" since March 6, 2020 which would be encompassed by the claims of the alleged Dollar General Putative Class.  **Exhibit 3**, Miller Decl. ¶¶ 4- 5.  Thus, the alleged statutory damages alone sought by the alleged Dollar General Putative Class, in the aggregate, exceed $5,000,000 (50,001 sales x $100 per sale = $5,000,100).

30.     Moreover, the Court can consider plaintiff's claims for treble damages, punitive damages, and attorney's fees in determining whether the amount in controversy is satisfied.  *See, e.g., Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 n.12 (3d Cir. 2014) (stating that "punitive damages, when available under applicable law, may be considered by a court in assessing federal jurisdiction"); *Lewis v. Ford Motor Co.,* 610 F. Supp. 2d 476, 485-86 (W.D. Pa. 2009) (including, *inter alia*, treble damages and attorney's fees available under the UTPCPL in determining whether the amount in controversy under CAFA was satisfied).

31.     As this Court has found, "attorney's fees are commonly in the range of 27% to 30% of the direct damages."  *Lewis*, 610 F. Supp. 2d at 486 (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007)).  The inclusion of alleged attorney's fees would further increase the amount in controversy well above the $5,000,000 CAFA threshold.

32.     Thus, this putative class action involves an alleged putative class of more than 100 members, parties that are minimally diverse, and an amount in controversy of more than $5,000,000 in the aggregate, such that the Court has jurisdiction under 28 U.S.C. § 1332, and the action is removable under 28 U.S.C. § 1441(a).

## III.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

33.     This action has not previously been removed to federal court.

34.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

35.     Dollar General filed this Notice of Removal within 30 days of January 22, 2021, the date on which the parties agreed Dollar General accepted service of the Complaint and service was formally effected.  *See* **Exhibit 2**.  Accordingly, removal is timely.

36.     Removal is properly made to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1441(a) because Allegheny County, the county in which the state court action was pending, is located in the Western District of Pennsylvania.  *See* 28 U.S.C. § 118(b).

37.     Concurrently with the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Defendants will (1) file written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Allegheny County and (2) serve a copy of the Notice of Removal upon counsel for Plaintiff.

38.     Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that were purportedly served upon Dollar General in the State Court Action are attached hereto as **Exhibit 1**.

39.     While it is not necessary to obtain the consent of all Defendants to remove a putative class action, *see* 28 U.S.C. § 1453(b), Defendants Aldi, Inc. and eBay (sued together with Kevin Accessories Online) have consented to removal.

40.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Dollar General of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Dollar General's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Dollar General expressly reserves the

right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Dollar General hereby removes the above-captioned action now pending in the Court of Common Pleas of Allegheny County, Pennsylvania to this United States District Court.


Dated: February 11, 2021                    Respectfully submitted,


                                            /s/ Courtney S. Schorr
                                            Gerald J. Stubenhofer, Jr. (PA 72921)
                                            Courtney S. Schorr (PA 317370)
                                            McGuireWoods LLP
                                            260 Forbes Avenue, Suite 1800
                                            Pittsburgh, Pennsylvania 15222-3142
                                            Telephone: 412-667-6000
                                            gstubenhofer@mcguirewoods.com
                                            cschorr@mcguirewoods.com

                                            *Counsel for Defendant Dollar General, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2021, a true and correct copy of the

forgoing was served via U.S. Mail and electronic mail on the following:

Joshua P. Ward
J.P Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206
jward@fentersward.com
*Counsel for Plaintiff*

Hyun Yoon
Holland & Knight, LLP
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
eric.yoon@hklaw.com
*Counsel for eBay, Inc. and Kevin Accessories Online*

Aldi, Inc.
1200 North Kirk Road
Batavia, IL 60510

/s/ Courtney S. Schorr
Courtney S. Schorr
MCGUIREWOODS LLP
*Counsel for Dollar General, Inc.*