IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>ALDI, INC.; DOLLAR GENERAL; EBAY; and KEVIN ACCESSORIES ONLINE;<br><br>    Defendants. | CIVIL ACTION NO. 2:21-cv-00209-MJH |

## DEFENDANTS DOLLAR GENERAL, INC. AND ALDI, INC.'S JOINT MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Dollar General, Inc. (incorrectly named Dollar General) (hereinafter "Dollar General") and ALDI, Inc. (hereinafter "ALDI") (collectively, "Defendants"), through their undersigned counsel, respectfully move this Court for an order dismissing the Class Action Complaint in Civil Action ("Motion") filed by Plaintiff Joshua James ("Plaintiff") with prejudice.  In support of their Motion, Defendants incorporate by reference the accompanying Memorandum of Law, and further state as follows:

1.    Plaintiff filed this putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania on or about November 12, 2020.

2.    Plaintiff alleges that Defendants improperly collected sales tax on a single "protective face mask" he bought from each Defendant on unidentified dates during the COVID-19 pandemic, asserting claims for a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Pennsylvania's Fair Credit Extension Uniformity Act ("PCFEUA"), unjust enrichment, "misappropriate/conversion," and for injunctive relief.

3. On February 11, 2021, Defendant Dollar General timely removed this action to this Court.

4. Plaintiff's UTPCPL claims are subject to dismissal with prejudice for several reasons.

    a. First, tax collection is not "trade or commerce" under the UTPCPL, and therefore is outside the scope of the UTPCPL.

    b. Second, Plaintiff has not alleged any facts to support his allegations that Defendants engaged in fraudulent, deceptive, or unfair conduct or representations.

    c. Third, Plaintiff has not alleged that he justifiably relied on any alleged statement or conduct by Defendants.

    d. Lastly, Plaintiff has not suffered an ascertainable loss, let alone any loss caused by justifiable reliance on any alleged representations by Defendants, when he could easily seek a refund of the tax from the Department of Revenue.

5. Plaintiff's PFCEUA claim can only be brought under the UTPCPL, and therefore this claim fails for the same reasons as his UTPCPL claim. Plaintiff's PFCEUA claim also fails because Defendants' collection of the sales tax does not constitute a "debt" as defined by the PFCEUA.

6. Plaintiff's unjust enrichment claim also fails as a matter of law because Defendants are licensed to collect sales tax on behalf of the Pennsylvania Department of Revenue, and therefore receive no benefit from the collection of sales tax.

7. Plaintiff's "misappropriation/conversion" claim fails because he cannot state a claim for misappropriation or conversion where Plaintiff voluntarily paid the funds and the Defendants did not retain the funds for their own use.

8. Plaintiff's stand-alone claim of injunctive relief is procedurally improper as asserted here. Moreover, Plaintiff cannot establish that he will likely suffer future injury without an injunction, as he is now aware that protective face masks are exempt from sales tax, and the Department of Revenue has made clear in its January 20, 2021 Tax Bulletin that protective face masks are exempt from taxation. Thus, it is unlikely that Plaintiff would purchase a protective face mask from these retailers in the future and be charged sales tax, let alone that Plaintiff could be misled or deceived in the future regarding the taxability of face masks.

9. Lastly, Plaintiff's claim for punitive damages should be dismissed as he fails to offer any supporting facts to support such an award.

WHEREFORE, for all of the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law and Request for Judicial Notice, Defendants respectfully request that their Motion to Dismiss be granted and Plaintiff's Complaint be dismissed with prejudice.

*[Signature page follows.]*

Dated: March 12, 2021                                              Respectfully submitted,

/s/ Courtney S. Schorr                                             /s/ Craig D. Mills
Gerald J. Stubenhofer, Jr. (PA 72921)                              Craig D. Mills (PA 81331)
Courtney S. Schorr (PA 317370)                                     Samantha L. Southall (PA 80709 )
McGuireWoods LLP                                                   (*pro hac vice forthcoming*)
260 Forbes Avenue, Suite 1800                                      Two Liberty Place
Pittsburgh, Pennsylvania 15222-3142                                50 S. 16th Street, Suite 3200
Telephone: 412-667-6000                                            Philadelphia, PA 19102
gstubenhofer@mcguirewoods.com                                      Telephone: 215-665-8700
cschorr@mcguirewoods.com                                           craig.mills@bipc.com
                                                                   samantha.southall@bipc.com

Bethany G. Lukitsch
(*pro hac vice forthcoming*)                                       Bridget J. Daley (PA 316117)
355 S. Grand Ave.                                                  Buchanon Ingersol & Rooney
Suite 4200                                                         One Oxford Centre
Los Angeles, CA 90071                                              301Grant Street, 20th Floor
Telephone 213.457.9875                                             Pittsburgh, PA 15219
blukitsch@mcguirewoods.com                                         Telephone: 412-562-1041
                                                                   bridget.daley@bipc.com

*Counsel for Defendant Dollar General, Inc.*

                                                                   *Counsel for Defendant Aldi, Inc.*

**CERTIFICATE OF CONFERRAL**

Pursuant to Section 1(g) of this Court's Standing Order and Procedures on Civil Motion Practice, I hereby certify that counsel for Plaintiff, Dollar General, and ALDI met and conferred on March 10, 2021, during which Defendants identified various deficiencies with Plaintiff's Complaint that form the basis of Defendants' Motion to Dismiss. Among various other deficiencies, Defendants identified that Plaintiff's Complaint fails to allege when he made his protective face mask purchases. Upon learning this, Plaintiff's counsel expressed his intention to file an amended complaint that, at a minimum, alleges the dates of purchase and attaches the receipts of such purchases. Plaintiff's counsel indicated, however, that his preference would be to wait and file an amended complaint after Defendants filed this Motion to Dismiss. In a March 11, 2021 e-mail in follow up to the meet-and-confer, the undersigned counsel explained that filing an amended complaint after this Motion would be wholly inefficient and contrary to this Court's Standing Orders and Practices, which requires the parties to meet and confer regarding Rule 12(b) motions to avoid this type of unnecessary motion practice. To date, Plaintiff's counsel has not responded to that e-mail, nor has Plaintiff sought leave to file an amended complaint prior to Defendants' responsive pleading deadline. Accordingly, Defendants have filed this Motion to Dismiss, despite Plaintiff's acknowledgment that amendment is required.

/s/ Courtney S. Schorr
Courtney S. Schorr
MCGUIREWOODS LLP
*Counsel for Dollar General, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2021, a true and correct copy of the foregoing document was filed using the CM/ECF system, which will send notification of such filing to all current counsel of record.

/s/ Courtney S. Schorr
Courtney S. Schorr
MCGUIREWOODS LLP
*Counsel for Dollar General, Inc.*