**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSHUA JAMES,

          Plaintiff,

   v.

ALDI, INC.; DOLLAR GENERAL;
EBAY; and KEVIN ACCESSORIES
ONLINE;

         Defendants.

CIVIL ACTION NO. 2:21-cv-00209-MJH

**DEFENDANTS DOLLAR GENERAL, INC. AND ALDI, INC.'S MEMORANDUM OF
LAW IN SUPPORT OF THEIR JOINT MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 4

LEGAL STANDARD ........................................................................................................... 7

ARGUMENT ..................................................................................................................... 8

I.   Plaintiff Fails to State a Claim Under the UTPCPL. ........................................... 8

     A.   Collecting Sales Tax Does Not Constitute "Trade" or "Commerce" and
          Therefore Is Outside the Scope of the UTPCPL. ...................................... 8

     B.   Plaintiff's Conclusory Allegations Are Insufficient to Allege a UTPCPL
          Claim against Defendants. ........................................................................ 11

          1.   Plaintiff has failed to allege that Defendants engaged in fraudulent,
               deceptive, or unfair conduct. .............................................................. 11

          2.   Plaintiff has failed to allege any facts to establish his justifiable
               reliance on Defendants' alleged representations. ............................. 14

          3.   Plaintiff has failed to allege that he suffered any ascertainable loss. ........ 17

II.  Plaintiff's PFCEUA Claim Fails as a Matter of Law. ....................................... 17

III. Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law. ..................... 18

IV.  Plaintiff's Claim for Misappropriation/Conversion Fails as a Matter of Law. ................ 19

V.   Plaintiff Lacks Standing to Pursue Injunctive Relief. ..................................... 20

VI.  Even if One of Plaintiff's Claims Were to Survive Dismissal, All of Plaintiff's
     Claims for Punitive Damages Must Be Stricken. ............................................ 22

CONCLUSION .................................................................................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*220 W. Rittenhouse Square Condo. Assoc. v. Stolker*,
  2012 WL 1948515 (Pa.Com.Pl. May 15, 2012) .......................................................................8

*Abrevaya v. VW Credit Leasing, LTD.*,
  2009 WL 8466868 (E.D. Pa. Jul. 22, 2009)............................................................................16

*Aldine Apartments, Inc. v. Commonwealth, Dep't of Revenue*,
  379 A.2d 333 (Pa. Commw. Ct. 1977) .....................................................................................9

*Allegrino v. Conway E&S, Inc.*,
  2010 WL 3943939 (W.D. Pa. Oct. 6, 2010) ...........................................................................23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................15

*Bartolotta v. Dunkin' Brands Grp., Inc.*,
  2016 U.S. Dist. LEXIS 168125 (N.D. Ill. Dec. 6, 2016) .........................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................................7, 15

*Bennet v. A.T. Masterpiece Homes at Broadsprings, LLC*,
  40 A.3d 145 (Pa. Super. 2012)................................................................................................13

*Blass v. Rite Aid of Connecticut, Inc.*,
  16 A.3d 855, 857 (Conn. 2009) ................................................................................8, 9, 10, 11

*Chruby v. Kowaleski*,
  534 Fed.Appx. 156 (3d Cir. 2013) ..........................................................................................20

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)..................................................................................................................21

*Cook v. Gen. Nutrition Corp.*,
  2017 WL 4340664 (W.D. Pa. Sept. 29, 2017)..................................................................20, 21

*Corsale v. Sperian Energy Corp.*,
  412 F. Supp. 3d 556, 566 (W.D. Pa. 2019).............................................................................17

*Emery v. Third Nat. Bank of Pittsburgh*,
  308 Pa. 504 (1932)..................................................................................................................16

*Feeney v. Dell*,
908 N.E.2d 753 (Mass. 2009) ......................................................................9

*Garczynski v. Countrywide Home Loans, Inc.*,
656 F. Supp. 2d 505 (E.D. Pa. 2009) .......................................................14

*Geness v. Admin. Office of Pa. Courts*,
974 F.3d 263 (3d Cir. 2020).........................................................................4

*Glover v. Udren*,
2014 WL 4348078, at *24 (W.D. Pa. Sept. 2, 2014) ..............................15

*Glover v. Wells Fargo Home Mortg.*,
629 F. App'x 331 (3d Cir. 2015) ..............................................................15

*Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*,
648 Pa. 604, 633 (2018).......................................................................12, 13

*Hall v. Equifax Information Services, LLC*,
204 F. Supp. 3d 807 (E.D. Pa. 2016) .......................................................17

*Humphreys v. Budget Rent A Car Sys. Inc.*,
2017 WL 6497285 (E.D. Pa. Dec. 19, 2017) ...........................................17

*Hunt v. U.S. Tobacco Co.*,
538 F.3d 217, 227–28 (3d Cir. 2008)...............................................8, 14, 15

*In re Johnson & Johnson Sales Practices & Liab.Litig.*,
903 F.3d 278 (3d Cir. 2018)........................................................................22

*Karlsson v. F.D.I.C.*,
942 F. Supp. 1022 (E.D. Pa. 1996) ...........................................................13

*Kemezis v. Matthews*,
394 F. App'x 956 (3d Cir. 2010) ..............................................................15

*Kerr v. State Farm Mut. Auto. Ins. Co.*,
2018 WL 5809989 (W.D. Pa. Nov. 6, 2018) .......................................7, 14

*Lawn v. Enhanced Serv. Billing, Inc.*,
2010 WL 2773377 (E.D. Pa. July 13, 2010)............................................20

*Lilian v. Commonwealth*,
354 A.2d 250 (Pa. 1976) ............................................................................17

*Limbach v. City of Phila.*,
905 A.2d 567 (Pa. Commw. 2006) ...........................................................19

*McIntosh v. Walgreens Boots All., Inc.*,
  135 N.E.3d 73 (Ill. June 20, 2019) ........................................................................16

*McNair v. Synapse Grp. Inc.*,
  672 F.3d 213 (3d Cir. 2012) ..................................................................................21

*Meyer v. Cmty. Coll. of Beaver Cty.*,
  625 Pa. 563 (2014) ..................................................................................................9

*Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*,
  885 A.2d 1127 (Pa. Commw. 2005) ......................................................................18

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192, 1196 (3d Cir.1993) .........................................................................4

*Pfendler v. PNC Bank*,
  765 F. App'x 858 (3d Cir. 2019) ...........................................................................14

*Phillips v. Cty of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ....................................................................................8

*Prukala v. Chase Bank, N.A.*,
  2020 WL 5351042 (M.D. Pa. Sept. 4, 2020) .........................................................18

*N.M. ex rel. Richardson v. BLM*,
  565 F.3d 683 (10th Cir. 2009) .................................................................................4

*In re Rutter's Inc. Data Sec. Breach Litig.*,
  2021 WL 29054 (M.D. Pa. Jan. 5, 2021) ...............................................................15

*Salvio v. Amgen Inc.*,
  2012 WL 517446 (W.D. Pa. Feb. 15, 2012) (McVerry, J.) ....................................23

*Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*,
  401 F.3d 123, 136 (3d Cir. 2005) ..........................................................................11

*Seldon v. Home Loan Servs., Inc.*,
  647 F. Supp. 2d 451 (E.D. Pa. 2009) ...............................................................12, 15

*Singh v. Wal-Mart Stores, Inc.*,
  1999 WL 374184 (E.D. Pa. June 10, 1999) ...........................................................17

*Smith v. Brown*,
  423 A.2d 743 (Pa. Super. 1980) .............................................................................22

*Smith v. Lynn*,
  809 F. App'x 115 (3d Cir. 2020) ..............................................................................4

iv

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    506 F. App'x 133 (3d Cir. 2012) ........................................16

*Sowemimo v. Thomas*,
    2009 WL 3806737 (W.D. Pa. Nov. 13, 2009) ..........................8

*Steel Co. v. Citizens for Better Environment*,
    523 U.S. 83 (1998) ...................................................21

*Stevenson v. Econ. Bank of Ambridge*,
    413 Pa. 442 (1964) ...................................................19

*Thomas v. Philadelphia Hous. Auth.*,
    2011 WL 2415157, at *9 (E.D. Pa. June 15, 2011) ..................20

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
    980 F.3d 879 (3d Cir. 2020)..........................................11

*Torchia v. Torchia*,
    346 Pa. Super. 229 (1985)............................................19

*Universal Film Exchs., Inc. v. Bd. of Fin. & Revenue*,
    185 A.2d 542 (Pa. 1962) .............................................16

*Vanderklok v. United States*,
    868 F.3d 189 (3d Cir. 2017)...........................................4

*Walkup v. Santander Bank, N.A.*,
    147 F. Supp. 3d 349 (E.D. Pa. 2015) ................................15

*Weinberg v. Sun Co., Inc.*,
    565 Pa. 612 (2001)...................................................14

*Wen v. Willis*,
    117 F. Supp. 3d 673 (E.D. Pa. 2015) ................................19

*Williams v. Enter. Holdings, Inc.*,
    2013 WL 1158508 (E.D. Pa. Mar. 20, 2013)..........................16

*Wilson v. Parisi*,
    549 F. Supp. 2d 637 (M.D. Pa. 2008) ...............................13

*Win & Son, Inc. v. City of Philadelphia*,
    178 F. Supp. 3d 234 (E.D. Pa. 2016) ...............................19

*Winer Fam. Tr. v. Queen*,
    503 F.3d 319 (3d Cir. 2007)............................................4

v

*Winkworth v. Spectrum Brands, Inc.*,
    2020 WL 3574687 (W.D. Pa. June 30, 2020) ............................................................. 22

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
    854 A.2d 425 (Pa. 2004) .......................................................................................... 14

**Statutes**

72 P.S. § 7202(a) ............................................................................................................. 19

72 P.S. § 7204 ................................................................................................................... 5

72 P.S. § 7214 (a) .............................................................................................................. 9

72 P.S. § 7221 ................................................................................................................. 19

72 P.S. § 7222(a) ............................................................................................................. 19

72 P.S. § 7225 .............................................................................................................. 9, 19

72 P.S. § 7237(b)(1) .......................................................................................................... 9

72 P.S. § 7252–53 ........................................................................................................... 17

72 P.S. § 7252 ................................................................................................................. 10

72 P.S. § 7253 .............................................................................................................. 6, 10

72 P.S. § 7270(a) ............................................................................................................. 10

73 P.S. § 201-2(4) ........................................................................................................... 11

73 P.S. § 201-3(a) ............................................................................................................. 8

73 P.S. § 201-9.2 ........................................................................................................... 8, 17

73 P.S. § 2270.3 .............................................................................................................. 18

73 P.S. § 2270.4(5) .......................................................................................................... 18

73 P.S. § 2270.5(a) .......................................................................................................... 17

Connecticut Unfair Trade Practices Act .......................................................................... 10

Pennsylvania's Fair Credit Extension Uniformity Act ................................................. 2, 18

Pennsylvania's Unfair Trade Practices and Consumer Protection Law ............................ *passim*

Pennsylvania Tax Reform Code ("Tax Code") ......................................................... 10, 11

**Other Authorities**

21 C.F.R. § 814.80 ............................................................................................................6

Fed. R. Civ. P. 12(b)(6) ....................................................................................................7

Fed. R. Evid. 201(b) .........................................................................................................4

Defendants Dollar General, Inc. (incorrectly named Dollar General) (hereinafter "Dollar General") and ALDI, Inc. (hereinafter "ALDI") (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Joint Motion to Dismiss the Class Action Complaint in Civil Action ("Motion") filed by Plaintiff Joshua James ("Plaintiff").

## INTRODUCTION

This putative consumer class action arises from the global COVID-19 pandemic. In response to this health crisis, many retailers, including Defendants, began to sell non-medical face masks, some for the very first time. As Plaintiff acknowledges, such non-medical face masks were subject to Pennsylvania sales tax before the pandemic. Indeed, it was not until January 20, 2021—months *after* this action was filed—that the Pennsylvania Department of Revenue ("Department of Revenue") issued a Sales and Tax Bulletin ("Tax Bulletin") stating its position that cloth and disposable non-medical masks are exempt from sales tax as of October 30, 2020. Nevertheless, Plaintiff alleges that Defendants improperly collected sales tax on "protective face masks" he bought at some unidentified time between March 6, 2020, the date Governor Wolf declared a state of emergency in Pennsylvania, and November 12, 2020, the date this action was filed in state court.[1]

---

[1] A meet-and-confer was held between the parties on March 10, 2021, as required by Court's Standing Order and Procedures on Civil Motion Practice. *See* Motion to Dismiss, Certification of Conferral, at 5. During this meet-and-confer Defendants identified various deficiencies of the Complaint that form the basis of Defendants' Motion to Dismiss, including that the Complaint fails to allege when Plaintiff made his purchases. *Id.* Upon learning this, Plaintiff's counsel expressed his intention to file an amended complaint, but indicated that his preference would be to wait and file an amended complaint *after* Defendants filed this Motion to Dismiss. *Id.* In a follow-up email sent on March 11, 2021, counsel for Dollar General expressed concern that such dilatory tactics defeat the purpose behind Rule 12 meet-and-confer requirements, which is to avoid this type of unnecessary motion practice. *Id.* As of the time of filing of this Motion, Plaintiff's counsel had not responded to the email from Dollar General's counsel, nor had Plaintiff filed an amended complaint or a motion for leave to amend, thereby necessitating the filing of this motion.

While Plaintiff had the option to file a petition with the Department of Revenue for a full refund of $0.45 for the sales tax he contends Dollar General and ALDI improperly collected, he instead filed this putative consumer class action.  Plaintiff alleges that Defendants' ministerial act of collecting sales tax—which they collect as agents of the Commonwealth and from which **they did not profit**—on new product offerings as a result of the pandemic constitute "unfair methods of competition and unfair and deceptive practices in stark violation of" Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and acts of conversion and/or misappropriation, through which Defendants allegedly enriched themselves.  By asserting these claims, Plaintiff seeks to exploit the Department of Revenue's recent change in tax policy so he and the putative class can profit to the tune of $100 per transaction (over 200 times the actual tax he paid to Defendants), not including the "mental anguish damages," treble damages, and punitive damages he also requests.  This Court should reject Plaintiff's attempt to profit in this way.  Quite simply, Plaintiff's assertion that Defendants would intentionally or recklessly engage in illegal and deceptive conduct to fill the coffers of the Commonwealth defies logic and common sense, and is belied by the facts alleged here.

While the backdrop of this case is the propriety of the collection of sales tax on face masks, the Court need **not** decide that issue to dismiss this Complaint.  Plaintiff is not challenging the validity or applicability of the tax with the Department of Revenue, which has confirmed its position in the Tax Bulletin.  Rather, the sole question here is whether Plaintiff can state claims for an alleged violation of the UTPCPL, violation of Pennsylvania's Fair Credit Extension Uniformity Act ("PCFEUA"), unjust enrichment, "misappropriate/conversion," and for injunctive relief.  For the reasons set forth below, he cannot.

As for Plaintiff's UTPCPL claims, Plaintiff cannot establish four requisite elements.  First, he cannot establish that the ministerial act of collecting sales tax for the Commonwealth constitutes "trade or commerce" under the UTPCPL, as Defendants derive no profit from such act.  Second, Plaintiff has alleged no misrepresentation or deceptive act by Defendants; to the contrary, Plaintiff admits he was charged sales tax and thereafter paid it.  Third, Plaintiff has not alleged how he justifiably relied on any alleged statement or conduct by Defendants.  Finally, Plaintiff has not— and cannot—allege any ascertainable loss when he could easily seek a refund of the tax from the Department of Revenue.

With respect to Plaintiff's PFCEUA claim, an individual cause of action for a purported violation of the PFCEUA can only be brought under the UTPCPL, and therefore this claim fails for the same reasons as his UTPCPL claim.  Plaintiff's PFCEUA claim also fails because Defendants' collection of the sales tax does not constitute a "debt" as defined by the PFCEUA.

Plaintiff's unjust enrichment claim also fails as a matter of law.  Here, as Plaintiff admits, Defendants are licensed to collect sales tax on behalf of the Department of Revenue, and therefore receive no benefit from the collection of sales tax.  Plaintiff's "misappropriation/conversion" claim fares no better.  Plaintiff cannot state a claim for misappropriation or conversion where Plaintiff voluntarily paid the funds and the Defendants did not retain the funds for their own use.

Finally, Plaintiff cannot establish he is entitled to injunctive relief.  As an initial matter, injunctive relief is not a stand-alone claim as asserted here.  More importantly, Plaintiff cannot establish that he will likely suffer future injury without an injunction, as he is now aware that protective face masks are exempt from sales tax.  This is particularly true in light of the Department of Revenue's updated guidance in its January 20, 2021 Tax Bulletin, which has clarified, for all Pennsylvania retailers, that protective face masks are exempt from sales tax moving forward.

3

For these reasons, and as explained below, Plaintiff's Complaint should be dismissed with prejudice.

## BACKGROUND

In late 2019, a novel coronavirus (now known as COVID-19) emerged in Wuhan, China, and began infecting humans across the globe, including the United States.  *See* Compl., ¶ 8, n.1; Emergency Declaration (attached as Exhibit A).[2]  On March 6, 2020, reacting to the growing number of COVID-19 cases within the country, Pennsylvania Governor Tom Wolf declared a state of emergency in the Commonwealth ("Emergency Declaration"). Compl. ¶ 8, n.1; *see also* Exhibit A.  Due to the pandemic, demand for face masks skyrocketed and retailers began selling cloth and disposable non-medical masks in their stores and on-line.[3]

---

[2] It is well-settled that a court may take judicial notice of public statements and documents available on public websites.  *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute" because it can "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Smith v. Lynn*, 809 F. App'x 115, 117 (3d Cir. 2020) ("[I]n deciding a motion to dismiss, a district court is permitted to review matters of public record."); *Geness v. Admin. Office of Pa. Courts*, 974 F.3d 263, 276 (3d Cir. 2020) (noting that "matters of public record" are subject to judicial notice (internal quotation marks and citation omitted)); *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) ("[T]hat information is publicly available on government websites and therefore we take judicial notice of it."); *Pension Ben. Guar. Corp.,* 998 F.2d at 1197 (stating that "letter decisions of government agencies" and "published reports of administrative bodies" are subject to judicial notice).  In addition, a court may also take judicial notice of other public documents, including press releases, *N.M. ex rel. Richardson v. BLM*, 565 F.3d 683, 719 n.48 (10th Cir. 2009).  Lastly, the Court may examine any "documents incorporated into the complaint by reference" when ruling on a motion to dismiss.  *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

[3] Defendants acknowledge that for purposes of this Motion, the factual allegations must be taken as true.  But there are additional facts of which this Court may take judicial notice that have bearing on the claims and provide helpful context.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) ("[I]n ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.").

Plaintiff alleges that he bought one "protective face mask" from each Defendant at some unidentified time—but after March 6, 2020, the date on which Governor Wolf declared a state of emergency, and *before* November 12, 2020, the date this action was filed in state court. *See* Compl. ¶ 15. Plaintiff does not describe the "protective face mask" he purchased from each Defendant in any way, let alone allege whether each was a medical or surgical-grade face mask. *See generally* Compl. Notably, Plaintiff does not contend that Defendants made any representations related to whether the mask was taxable or that he was deceived regarding its tax status. *See generally*, *id.* Rather, Plaintiff only alleges that the "advertised price" for the single mask he purchased at both Dollar General and ALDI was $7.47, and he "was charged and paid $7.92." *Id.*, ¶¶ 36-37, 48-49. Despite knowing the pre-tax price of the mask, Plaintiff still consummated the transaction and paid $7.92, which included $0.45 in sales tax. *Id.* Plaintiff nevertheless alleges he was "unlawfully charged" $0.45 in sales tax. *Id.*, ¶¶ 38, 50.

Plaintiff also makes the conclusory allegation that Defendants, and other licensed retailers in Pennsylvania, "knew or should have known" that face masks or coverings are nontaxable. *Id.*, ¶¶ 13-14. Specifically, Plaintiff contends that "protective faces masks" or coverings are nontaxable because they constitute (1) "medical supplies" under 72 P.S. § 7204(18);[4] and (2) "clothing and accessories" under 72 P.S. § 7204(4).[5] *Id.*, ¶¶ 8-15.

---

[4] Plaintiff cites to 72 P.S. § 7204(18), which relates to "[t]he sale at retail or use of coal." Defendants presume Plaintiff intended to refer to 72 P.S. § 7204(17), which provides that tax shall not be imposed on "[t]he sale at retail or use of prescription or non-prescription medicines, drugs or medical supplies…." 72 P.S. § 7204 (17).

[5] Plaintiff cites to72 P.S. § 7204(4), which relates to the sale of diapers, wipes, incontinence products, and other personal hygiene products. Defendants presume Plaintiff intended to refer to 72 P.S. § 7204(26), which provides that tax shall not be imposed on accessories such as cloth face masks:

> The sale at retail or use of all vesture, wearing apparel, raiments, garments, footwear and other articles of clothing, including clothing patterns and items that

Historically, non-medical masks and face coverings were subject to sales tax because they were "generally classified as ornamental wear or clothing accessories."  72 P.S. § 7204 (26). Plaintiff admits this, citing to an "answer" posted on the website of the Department of Revenue on October 30, 2020 that stated, in relevant part, "[p]rior to the COVID-19 pandemic, masks sold at retail were typically subject to Pennsylvania sales tax."  Compl., ¶ 9, n.2.[6]  The Department of Revenue's October 30, 2020 "answer," which was posted less than two weeks before Plaintiff filed his Complaint, further stated that "masks (both cloth and disposable) could *now* be considered everyday wear/clothing as they are part of the normal attire."[7]  *See id.* (emphasis added).  On January 20, 2021, the Department of Revenue issued the Tax Bulletin, which set forth its position that "prior to COVID-19, non-medical face masks and face coverings were subject to sales tax…." *See Sales and Use Tax Bulletin 2021-01*, Pa. Dep't Rev., *available at* https://www.revenue.pa.gov/GeneralTaxInformation/TaxLawPoliciesBulletinsNotices/TaxBulletins/SUT/Documents/st_bulletin_2021-01.pdf ("January 20 Tax Bulletin") (attached as Exhibit C).

---

are to be a component part of clothing, worn or carried on or about the human body **but all accessories, ornamental wear**, formal day or evening apparel, and articles made of fur on the hide or pelt or any material imitative of fur and articles of which such fur, real, imitation or synthetic, is the component material of chief value, but only if such value is more than three times the value of the next most valuable component material, and sporting goods and clothing not normally used or worn when not engaged in sports **shall not be excluded from the tax**.

72 P.S. § 7204(26) (emphasis added).

[6]  *See also* Department of Revenue Answer ID 3748, available at https://revenue-pa.custhelp.com/app/answers/detail/aid/3748/~/masks-and-ventilators#:~:text=Are%20masks%20and%20ventilators%20subject,exempt%20from%20Pennsylvania%20sales%20tax. (October 30, 2020 Department of Revenue update) (attached as Exhibit B).

[7] This was the first reference to *cloth* face masks in any Department or State guidance.  Notably, the Governor's March 6, 2020 proclamation and its later updates do not mention either the Department of Revenue or the tax treatment of non-medical face masks.  *See* Exhibit A. Defendants are precluded by other state and federal statutes from advertising their masks as medical equipment.  *See, e.g.*, 21 C.F.R. § 814.80.

6

The Tax Bulletin also stated that as of October 30, 2020, the day on which the "answer" was posted, "cloth and disposable non-medical masks and face coverings are exempt from sales and use tax as everyday wear or clothing."  *Id.*  Finally, the Tax Bulletin provided that "consumers who can certify to the department that a cloth or disposable non-medical mask or face covering was purchased and used as a means of protection against the virus can petition the department for a refund of any sales or use tax paid."  *Id.*  By issuing the Tax Bulletin, the Department of Revenue confirmed the existing statutorily provided process for taxpayers to petition for a refund of taxes improperly collected.  *See* 72 P.S. § 7253.

Nowhere in the Complaint does Plaintiff allege he has filed a petition with the Department of Revenue for a refund of $0.45 in sales tax he contends both Dollar General and ALDI improperly collected on behalf of the Commonwealth.  Instead, Plaintiff opted to file several claims on behalf of a putative class, including claims under the UTPCPL and is seeking, among other things, windfall damages of $100 *per transaction*, damages for "mental anguish," treble damages, and punitive damages.  Compl. ¶¶ 41-43, 53-55.

## **LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts "to 'state a claim to relief that is plausible on its face.'"  *Kerr v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 5809989, at *2 (W.D. Pa. Nov. 6, 2018) (Horan, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] formulaic recitation of a cause of action's elements" will not suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," i.e., they must "nudge [the] claims across the line from conceivable to plausible."  *Id.* at 555, 570.  Although the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff, this does not include legal

7

conclusions or any allegation of fact which contradicts facts that are judicially noticed. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *see also Sowemimo v. Thomas*, 2009 WL 3806737, at *3 (W.D. Pa. Nov. 13, 2009) (Lancaster, J.) (citing *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001)).

## ARGUMENT

### I.     Plaintiff Fails to State a Claim Under the UTPCPL.

Plaintiff's allegations are insufficient to plead a claim under the UTPCPL on several grounds.  First, as a threshold matter, Defendants' alleged collection of sales tax cannot give rise to a UTPCPL claim because it does not constitute "trade or commerce" as defined under the statute. *See* 73 P.S. § 201-3(a).  Second, Plaintiff fails to allege sufficient facts to show that (1) Defendants engaged in fraudulent, deceptive, or unfair conduct, (2) Plaintiff justifiably and reasonably relied on that alleged conduct, and (3) Plaintiff suffered an ascertainable loss as a result of his reliance. *See* 73 P.S. § 201-9.2.  Plaintiff's failure to sufficiently plead each element is fatal to his UTPCPL claim.  *See, e.g.*, *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227–28 (3d Cir. 2008), *as amended* (Nov. 6, 2008) (finding that plaintiff failed to state a UTPCPL claim where justifiable reliance was not adequately pled).

### A.     Collecting Sales Tax Does Not Constitute "Trade" or "Commerce" and Therefore Is Outside the Scope of the UTPCPL.

Plaintiff has failed to allege any violation of the UTPCPL since the activities alleged—i.e., collecting sales tax—do not constitute "trade" or "commerce" as defined by the UTPCPL.  *See* 73 P.S. § 201-3(a) (emphasis added).  Because the UTPCPL was enacted to account for the "fundamental inequality between buyer and seller, and to protect consumers from exploitative merchants," it has been reasoned that "trade" or "commerce" is limited to commercial activity "in which the person engaged in that business is doing so for ***private profit*** which could motivate

8

unfair or deceptive practices for **private gain** or, more accurately, private greed." *Meyer v. Cmty. Coll. of Beaver Cty.*, 625 Pa. 563, 576-579 (2014) (Castille, J., concurring) (emphasis added). Thus, a party is not engaged in the conduct of a trade or commerce, as defined under the UTPCPL, if the alleged conduct is unrelated and unmotivated by private profit or private gain.  *See id.*; *see also*, *220 W. Rittenhouse Square Condo. Assoc. v. Stolker*, 2012 WL 1948515 (Pa.Com.Pl. May 15, 2012).

As discussed above, a Pennsylvania retailer collects sales tax as an *agent* of the Commonwealth because it is statutorily required to do so, holding any collected funds in trust before promptly remitting them to the Commonwealth.  *See* 72 P.S. §§ 7214 (a)(2)-(4), 7225, 7237(b)(1); *see also Aldine Apartments, Inc. v. Commonwealth, Dep't of Revenue*, 379 A.2d 333, 336 (Pa. Commw. Ct. 1977) (holding that the utility companies alleged to have improperly collected sales tax were "*merely collecting agents* and, legally, [could] play no role in the refund of these taxes" (emphasis added)).  There is no threat to the public from "exploitative merchants" in the collection of sales tax since there is no economic benefit to merchants collecting more tax than statutorily required—and, in fact, retailers are encouraged to charge the least amount of tax possible.  As one district court posited, "it makes absolutely no sense for [a] Store to charge a higher [tax] rate than it legitimately thinks it is required to charge because it is *not* in its economic interest to do so."  *Bartolotta v. Dunkin' Brands Grp., Inc.*, 2016 U.S. Dist. LEXIS 168125, at *26–27 (N.D. Ill. Dec. 6, 2016) (emphasis added).

The highest courts in Massachusetts and Connecticut have held that the collection of sales tax is *not* commercial activity within the scope of their states' consumer protection statutes, both of which are fundamentally identical to the UTPCPL.  *See Feeney v. Dell*, 908 N.E.2d 753 (Mass. 2009); *Blass v. Rite Aid of Connecticut, Inc.*, 16 A.3d 855, 857 (Conn. 2009).  For example, in

*Feeney*, the plaintiffs brought a class action against a retailer-defendant for allegedly violating the Massachusetts consumer protection law by charging sales tax on optional service contracts when no sales tax was required.  908 N.E.2d at 757.  The Supreme Judicial Court of Massachusetts dismissed the claims because the "collection of such tax was not motivated by 'business or personal reasons' but was pursuant to legislative mandate" and was not "commercial" activity according to the statute.  *Id.* at 770–71.  The court also explained that when a "party's actions are motivated by legislative mandate, not business or personal reasons … [the consumer protection law] does not apply."  *Id.*

Similarly, in *Blass*, the Supreme Court of Connecticut held that even if the retailer had collected tax in error, a claim brought under the Connecticut Unfair Trade Practices Act ("CUTPA") must be dismissed because "that law seeks to protect consumers from 'deceptive acts or practices in the conduct of any trade or commerce,'" and "[t]he mis-collection of taxes, whether negligent or intentional, does not constitute an unfair or deceptive act or practice in the conduct of any trade or commerce under the language of CUTPA."  16 A.3d at 857.  The court reasoned that the defendant's conduct could not have been an unfair or deceptive act because "[a] *retailer gains no personal benefit* from the over collection of taxes.  In fact, such activity only increases the retailer's prices, working against its economic interest."  *Id.* at 863 (emphasis added).  Lastly, the court reasoned that the defendant's conduct did not occur in "trade" or "commerce" because "when it collected the plaintiff's money for taxes, it did so as an agent of the State."  *Id.* (citations omitted).

Here too, Plaintiff's UTPCPL claims are fundamentally at odds with the Pennsylvania Tax Reform Code ("Tax Code").  The Department of Revenue has exclusive authority to enforce the Tax Code, 72 P.S. § 7270(a), and is tasked with effecting the statutory process for refunding overpaid sales tax. *See id.* § 7252.  Plaintiff's claims are essentially private enforcement actions,

and if allowed, would plainly usurp the exclusive authority of the Department of Revenue and undermine the Tax Code. *See* 72 P.S. §§ 7252, 7253(a). Plaintiff's proposed application would inappropriately expand the UTPCPL's reach well beyond what the General Assembly intended, and should be rejected. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879 (3d Cir. 2020). Instead, this Court should adopt and apply the sound reasoning espoused in *Feeney* and *Blass* to the UTPCPL, and dismiss Plaintiff's UTPCPL claims with prejudice.

**B.    Plaintiff's Conclusory Allegations Are Insufficient to Allege a UTPCPL Claim against Defendants.**

Even if the collection of sales tax constitutes "trade" or "commerce" as defined in the UTPCPL, which it does not, Plaintiff's claim still fails because his allegations are inadequate to state a cognizable claim under the statute. Under the UTPCPL, a plaintiff must demonstrate, *inter alia*, three indispensable elements: (1) a misrepresentation, false statement or other deceptive conduct by the defendant; (2) justifiable reliance by the plaintiff; and (3) an ascertainable loss caused by the reliance. *See Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (citing *Weinberg v. Sun Co., Inc.,* 565 Pa. 612, 777 (2001)). Plaintiff fails to plead sufficient facts to establish these required elements of his UTPCPL claim.

### 1.    *Plaintiff has failed to allege that Defendants engaged in fraudulent, deceptive, or unfair conduct.*

Plaintiff asserts that Defendants violated three subsections of the UTPCPL when they allegedly charged him sales tax for a protective face mask purchased during the COVID-19 state of emergency: (1) **subsection (v)**, which prohibits retailers from "[*r*]*epresenting* that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have."; (2) **subsection (ix)**, which prohibits "[a]dvertising goods or services with intent not to sell them as advertised"; and (3) **subsection (xxi)**, the expansive catch-all provision, which

prohibits, "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4); Compl., ¶¶ 39(a)-(c), 51(a)-(c). As discussed below, these subsections are either inapplicable or unsupported by Plaintiff's factual allegations.

For example, despite asserting a violation of subsection (v), Plaintiff fails to allege that Defendants made any "representation" relating to the "sponsorship, approval, characteristics, ingredients, uses, benefits or quantities" of the protective face mask before his purchases. In fact, the *only* factual allegations relating to his purchases are that "ALDI's advertised price for a protective face mask was $ 7.47 … [and he] was charged and paid $7.92 … [which included] $.45 as a sales tax," and similarly that "Dollar General's advertised price for a protective face mask was $ 7.47 … [and he] was charged and paid $7.92 … [which included] $.45 as a sales tax." *See* Compl. ¶¶ 36-38, 48-50. At most, Plaintiff has alleged that Defendants disclosed the actual pre-tax price of non-medical protective face masks and the actual amount of sales tax collected in connection with each transaction—neither of which are alleged to be inaccurate or misleading. Put simply, subsection (v) seeks to provide a remedy to persons who bought a good or a product based on false representations about the sponsorship, characteristics or quality of the good or product. Aside from conclusory allegations, Plaintiff has not alleged this type of harm in the Complaint.

Unlike subsection (v), both Pennsylvania state and federal courts have determined that subsection (ix) *is limited* to "claims of false advertising." *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 466 (E.D. Pa. 2009) (collecting cases); *see also Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 648 Pa. 604, 633 (2018) (acknowledging a distinction between subsection [ix] that explicitly uses [and is meant to address] the term "advertising" rather than other subsections that "describe prohibited conduct in other, more general, terms.").

12

Moreover, numerous courts have further limited subsection (ix)'s applicability to "bait and switch" practices where a customer is lured by claims of low prices or sales only to be induced to purchase different, higher priced goods—a scenario that is inapplicable here. *See Wilson v. Parisi*, 549 F. Supp. 2d 637, 669 (M.D. Pa. 2008). Further, to assert a claim under (ix), Plaintiff must allege that Defendants intentionally engaged in false advertising. *See Karlsson v. F.D.I.C.*, 942 F. Supp. 1022, 1023 (E.D. Pa. 1996), aff'd, 107 F.3d 862 (3d Cir. 1997). Plaintiff's Complaint does not allege that Defendants advertised the masks as non-taxable, let alone that they intended to falsely advertise them as non-taxable and then subsequently tax them. As a result, Plaintiff's subsection (ix) UTPCPL should be dismissed with prejudice.

Lastly, Plaintiff relies on subsection (xxi), known as the "catchall provision" of the UTPCPL, which prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." *See* Compl. ¶¶ 39(c), 51(c). To establish a claim under the catchall provision, a plaintiff can make a claim for fraud, which requires a plaintiff to establish: (1) a misrepresentation, (2) material to the transaction at issue, (3) made falsely, with either knowledge or reckless disregard of its falsity, (4) inducing justifiable reliance, and (5) and injury caused by the reliance. *Bennet v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. 2012). As an alternative to fraudulent conduct, a plaintiff may bring a claim under this provision by merely asserting the defendant's conduct was deceptive without having to satisfy every element of common law fraud. *Id.* at 151. The Pennsylvania Supreme Court has held that an act may be considered unfair or deceptive under the UTPCPL if it "has the capacity or tendency to deceive." *Golden Gate*, 194 A.3d at 1023.

In any event, Plaintiff has not established that Defendants acted fraudulently *or* deceptively. First, Plaintiff's sparse Complaint fails to plead facts establishing each of the essential

elements required to state a claim for fraud.  Simply asserting that fraudulent conduct occurred, without also alleging facts supporting the purported fraud cannot state a claim under this catchall provision.  *See, e.g.*, *Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 512 (E.D. Pa. 2009) ("Plaintiffs cannot adequately plead that [defendant] violated the UTPCPL simply by pasting the language of the statute into their [] Complaint.").

Similarly, Plaintiff's conclusory allegations fail to show that Defendants' conduct was deceptive—i.e., "one that is likely to deceive a consumer acting reasonably under similar circumstances."  *Kerr*, 2018 WL 5809989, at *5 (W.D. Pa. Nov. 6, 2018).  As discussed above, the only representations made by Defendants to Plaintiff, if any were made at all, were the price and tax charged for the non-medical protective mask.  *See* Compl. ¶¶ 36-38, 48-50.  Because no reasonable consumer could be deceived by these truthful and accurate representations, Plaintiff's claim should be dismissed.  *See Pfendler v. PNC Bank*, 765 F. App'x 858, 861 (3d Cir. 2019) (affirming dismissal of UTPCPL claim for failure to plead facts showing conduct likely to confuse or mislead).

### 2.     *Plaintiff has failed to allege any facts to establish his justifiable reliance on Defendants' alleged representations.*

Even if Plaintiff adequately pled that Defendants engaged in deceptive or unfair conduct, Plaintiff's UTPCPL claim still fails because he has not sufficiently alleged justifiable reliance.  *See Hunt*, 538 F.3d at 227.  To bring a private cause of action under the UTPCPL, a plaintiff must affirmatively allege facts showing that he "justifiably relied on the defendant's wrongful conduct or representation."  *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004).  Because he is a "private plaintiff who has no standing to bring actions in the public interest," Plaintiff must prove "that *he was actually deceived* and the [alleged deceptive conduct] actually influenced *his purchasing decision*."  *Weinberg*, 777 A.2d at 445 (emph. added); *see also Hunt*,

538 F.3d at 222 (same).  Put simply, Plaintiff must allege facts demonstrating how his conduct

would have changed had he known the "truth."  *Seldon v. Home Loan Services, Inc.*, 647 F. Supp.

2d 451 at 470 (E.D. Pa. 2009).

Here, Plaintiff has only advanced a single, conclusory allegation that he "justifiably relied

upon Defendants' fraudulent and deceptive conduct to his financial detriment."  Compl. ¶¶ 40, 52.

This type of generalized boilerplate language must be disregarded under the plausibility pleading

standard set forth in *Twombly* and *Iqbal*.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Instead, Plaintiff must allege *some facts* "from which plausible inferences" of "justifiable reliance

can be drawn."  *Kemezis v. Matthews*, 394 F. App'x 956, 959 (3d Cir. 2010); *see also, In re Rutter's*

*Inc. Data Sec. Breach Litig.*, 2021 WL 29054, at *20 (M.D. Pa. Jan. 5, 2021) (dismissing UTPCPL

claim for failure to allege any facts to support justifiable reliance other than a single conclusory

allegation); *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 363 (E.D. Pa. 2015) ("Plaintiffs

have failed to assert facts that, if true, would demonstrate justifiable reliance on Defendants'

conduct that resulted in ascertainable loss.").

Moreover, Plaintiff's lone conclusory allegation fails to explain *how* the alleged deceptive

conduct "was material to [his] purchasing decision."  *Hunt*, 538 F.3d at 228.  In other words, there

are no facts in the Complaint demonstrating that Plaintiff would have acted differently had he

understood that sales tax would be added to the purchase price.  *See Glover v. Udren*, 2014 WL

4348078, at *24 (W.D. Pa. Sept. 2, 2014) (Ambrose, J.), *aff'd sub nom.  Glover v. Wells Fargo*

*Home Mortg.*, 629 F. App'x 331 (3d Cir. 2015) ("Plaintiff has failed to show justifiable reliance,

i.e., how the allegedly illegal fees charged … would have altered her decision.").  Indeed, Plaintiff

does not allege that the charge for sales tax was concealed from him when he consummated the

purchase.  Based on his own allegations, Plaintiff knew or should have known that he was charged

sales tax on his non-medical protective mask purchase ***during*** the transaction process, yet he completed the transaction anyway.[8]  *See Emery v. Third Nat. Bank of Pittsburgh*, 308 Pa. 504, 513 (1932) ("If a man knows the truth about a representation, he is neither deceived nor defrauded, and any loss he may sustain is in effect self-inflicted."); Compl. ¶¶ 36-38, 48-50.

Because Plaintiff does not, and cannot, allege that he relied on any representations or allegedly deceptive conduct by Defendants when he purchased non-medical protective face masks, his UTPCPL claims fail.[9]  *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012) ("Because justifiable reliance is a necessary element for standing under the UTPCPL's

---

[8] At least one court has determined that equal availability of information precludes a plaintiff's justifiable reliance.  *See McIntosh v. Walgreens Boots All., Inc.*, 135 N.E.3d 73, 85 (Ill. June 20, 2019) ("[P]laintiff had the ability to investigate the ordinance to determine if the bottled water tax applied to his purchases of carbonated or flavored water.  He has not alleged that [the defendant] had superior access to the information … or that he could not have discovered what the ordinance required through the exercise of ordinary prudence. . . . Therefore, the alleged misrepresentation asserted by [the plaintiff] cannot form the basis of a claim for statutory consumer fraud.").  Here, Plaintiff's own allegations establish that Pennsylvania sales tax information was equally available to the public on the Department of Revenue's website.  *See* Compl. ¶¶ 8-12.

[9] Another independent ground for dismissal is the voluntary payment doctrine, which provides that "when 'one voluntarily and without fraud or duress pays money to another with full knowledge of the facts, the money paid cannot be recovered.'" *Abrevaya v. VW Credit Leasing, LTD.,* 2009 WL 8466868, at *2 (E.D. Pa. Jul. 22, 2009) (quoting *Acme Markets, Inc. v. Valley View Shopping Ctr., Inc.,* 493 A.2d 736, 737 (Pa. Super. 1985)).  The Pennsylvania Supreme Court has repeatedly held that the voluntary payment doctrine bars recovery of tax payments unless specifically authorized by statute.  *See, e.g.*, *Universal Film Exchs., Inc. v. Bd. of Fin. & Revenue*, 185 A.2d 542, 544–45 (Pa. 1962) ("If payment of taxes is voluntary, even though the taxing statute is later held unconstitutional, the money paid cannot be recovered in the absence of statutory authorization." (collecting cases)).  Here, Plaintiff alleges that he voluntarily purchased non-medical protective face masks with full knowledge of the relevant facts, including the purchase price and the amount of sales tax.  *See* Compl. ¶¶ 36-38, 48-50.  Even if the sales tax was collected in error (which Defendants dispute), Plaintiff's claim is barred by the voluntary payment doctrine and should be dismissed.  *See Williams v. Enter. Holdings, Inc.*, 2013 WL 1158508, at *2 (E.D. Pa. Mar. 20, 2013) ("[A] mistaken belief that one legally required to pay the debt is insufficient to overcome the doctrine, as the doctrine accounts for mistakes of fact and law.").

private-plaintiff standing provision, and reliance cannot be presumed, . . . the District Court did

not err in dismissing [the UTPCPL claim]." (cit. omitted)).

### 3. Plaintiff has failed to allege that he suffered any ascertainable loss.

Lastly, Plaintiff's UTPCPL claim fails because there is no ascertainable loss as a result of

Defendants' alleged conduct.  *See Corsale v. Sperian Energy Corp.*, 412 F. Supp. 3d 556, 566

(W.D. Pa. 2019).  Even if Plaintiff is correct, and was wrongly charged sales tax by Defendants

(which Defendants dispute), he will be able to recoup the $0.45 paid as sales tax through the

Department of Revenue's *refund process*.  *See* 72 P.S. §§ 7252–53; *Lilian v. Commonwealth*, 354

A.2d 250, 252 (Pa. 1976) (explaining the statutory process that "provide[s] for the refunding of

improperly assessed or paid sales taxes, and set[s] forth the procedure whereby such refunds may

be obtained");  *see also* Exhibit C.  Plaintiff's decision to file his Complaint seeking statutory

damages rather than to seek a full refund from the Department of Revenue means that he has not

suffered an "ascertainable economic loss" and his UTPCPL fails as a matter of law.  *Singh v. Wal-

Mart Stores, Inc.*, 1999 WL 374184, at *10 (E.D. Pa. June 10, 1999), *aff'd*, 225 F.3d 650 (3d Cir.

2000) (holding that plaintiff did not suffer an ascertainable economic loss under the UTPCPL

where he declined a full refund).  Because Plaintiff can obtain full reimbursement of the sales tax

paid from the Department, as confirmed by the Tax Bulletin, his UTPCPL claim should be

dismissed with prejudice.

## II.     **Plaintiff's PFCEUA Claim Fails as a Matter of Law.**

Courts have long recognized that the PFCEUA does not provide individuals with a private

right of action, and individuals must use the remedial provision of the UTPCPL, 73 P.S. § 201-

9.2, to obtain relief.  *See Humphreys v. Budget Rent A Car Sys. Inc.*, 2017 WL 6497285, at *9

(E.D. Pa. Dec. 19, 2017); *Hall v. Equifax Information Services, LLC*, 204 F. Supp. 3d 807, 810

(E.D. Pa. 2016).  The enforcement provision of the PFCEUA states, "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of [Pennsylvania's UTPCPL]." 73 P.S. § 2270.5(a).  Consequently, to plead a cause of action under the PFCEUA, plaintiff must be able to state a claim under the UTPCPL. *Prukala v. Chase Bank, N.A.*, 2020 WL 5351042, at *3 (M.D. Pa. Sept. 4, 2020).  As noted above, however, Plaintiff has not pled a cognizable claim for relief under the UTPCPL.  Based on this reason alone, Plaintiff's PFCEUA claim should be dismissed with prejudice.

Plaintiff's PFCEUA claim also fails for the independent reason that Defendants' collection of a sales tax at the time of purchase is not the collection of a "debt," as defined by the statute. Specifically, the PFCEUA defines a "debt" as "[a]n actual or alleged ***past due*** obligation, claim, demand, note or other similar liability of a consumer. . . ." 73 P.S. § 2270.3 (emphasis added).  In other words, the statute applies only to prohibit certain collection activities on obligations that are in default.  73 P.S. § 2270.4(5) (a "creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt").  Plaintiff's claim that the PFCEUA prohibits the collection of a sales tax at the point of sale, before such obligation could be in default, conflicts with the plain language and purpose of the statute and unsupported by any relevant authority.  For these reasons, Plaintiff's PCFEUA claim fails and should be dismissed with prejudice.

### III.    Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law.

Under Pennsylvania law, to establish a claim of unjust enrichment a plaintiff must allege facts demonstrating that: (1) a benefit was conferred on the defendant by plaintiff; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit.  *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127,

1137 (Pa. Commw. 2005); *see also, Torchia v. Torchia*, 346 Pa. Super. 229, 499 (1985) ("[t]o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." (int. quot. omitted)).    Ultimately, the key principle of any unjust enrichment inquiry is "whether the defendant has been unjustly enriched; the intent of the parties is irrelevant." *Limbach v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw. 2006).

Here, Plaintiff does not allege (nor could he) that paying sales tax to Defendants somehow conferred a benefit on Defendants, nor does he allege that Defendants retained the sales tax he paid on his purchase.  As Plaintiff admits, retailers are licensed by the Department of Revenue and are legally required to remit all collected sales taxes to the Department.  *See* Compl., ¶ *10*; *see also* 61 Pa. Code §§ 34.2(d), 35.2; 72 P.S. §§ 7202(a), 7217(a)(2)–(4), 7221, 7222(a), 7225.  Plaintiff does not allege that Defendants violated this requirement.  Because there was no retention of a conferred benefit, Plaintiff has failed to assert a legally cognizable claim for unjust enrichment.

## IV.    Plaintiff's Claim for Misappropriation/Conversion Fails as a Matter of Law.

Under Pennsylvania law, conversion is a tort arising from the "deprivation of another's right of property in, or use or possession of a chattel, or other interference therewith, without the owner's consent and without justification." *Stevenson v. Econ. Bank of Ambridge*, 413 Pa. 442, 451 (1964) (cit. omitted).  Money may be the subject of conversion, but only "where the plaintiff had a property interest in the money at the time of the alleged conversion." *Wen v. Willis*, 117 F. Supp. 3d 673, 684 (E.D. Pa. 2015) (cit. omitted).  Plaintiff fails to state a legally sufficient claim on two grounds.

First, the deprivation of possession, on its own, does not give rise to a claim of conversion; instead, there must be an "actual appropriation of the property by the offending party for his own use." *Win & Son, Inc. v. City of Philadelphia*, 178 F. Supp. 3d 234, 242 (E.D. Pa. 2016).  Here,

19

Plaintiff does not allege that Defendants kept the sales tax for their own use.  To the contrary, Defendants collect the tax as an agent of the Department of Revenue.  Second, the deprivation of the property must be involuntary and contrary to the owner's present ownership.  If a plaintiff pays the offending party money voluntarily—even if the offending party had no legal right to collect such payment—there can be no conversion.  *See Thomas v. Philadelphia Hous. Auth.*, 2011 WL 2415157, at *9 (E.D. Pa. June 15, 2011); *Lawn v. Enhanced Serv. Billing, Inc.*, 2010 WL 2773377, at *3 (E.D. Pa. July 13, 2010).  In *Lawn*, the court explained that voluntary payment is a complete defense to the tort of conversion:

> We understand that Plaintiff alleges fraudulent and misleading behavior on the part of Defendants, but these allegations do not negate the fact that Plaintiff consented to the transfer of the chattel. Even though Plaintiff may have lacked complete knowledge of to whom the money was ultimately going, the fact that the money was parted with willingly prevents Defendant's actions from being classified as conversion. Plaintiff's claim for conversion, therefore, fails, and must be dismissed.

2010 WL 2773377, at *3.

Accordingly, not only has Plaintiff failed to allege that Defendants appropriated the sales tax for their own use, but his completion of the transaction and voluntary payment of that sales tax precludes any cause of action for conversion.  Thus, Plaintiff's claim should be dismissed with prejudice.

## V.     Plaintiff Lacks Standing to Pursue Injunctive Relief.

As an initial matter, Plaintiff's stand-alone claim for "Permanent Injunction Ordering All Defendants to Cease and Desist from Unlawful Charging of Sales Tax" should be dismissed as improper.  *See* Compl. ¶¶ 74-82.  It is well settled that "injunctive relief is not a separate type of claim, but rather a form of relief, and as such, should not be designated as a separate count in the Complaint."  *Cook v. Gen. Nutrition Corp.*, 2017 WL 4340664, at *8 (W.D. Pa. Sept. 29, 2017) (Fischer, J.), *aff'd*, 749 F. App'x 126 (3d Cir. 2018); *see also Chruby v. Kowaleski*, 534 Fed.Appx.

156, 160 n.2 (3d Cir. 2013) ("[A]n injunction is a remedy rather than a cause of action, so a separate claim for injunctive relief is unnecessary").  Separate from this stand-alone claim, Plaintiff requests an award of injunctive relief against all Defendants, including "enjoining Defendant[s] from continuing the unlawful conduct as set forth herein."  Compl., Prayer for Relief, ¶ C.  As set forth below, Plaintiff lacks standing to seek this injunctive relief, and his requests should be dismissed or stricken.

To have standing under Article III to pursue injunctive relief, a plaintiff must show that he faces "a sufficient likelihood that he will again be wronged in a similar way."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Indeed, a party seeking *prospective* equitable relief must set forth "allegations of future injury [that are] particular and concrete."  *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 109 (1998). While allegations of past injury might support a remedy at law, prospective equitable relief requires a claim of imminent future harm.  *Lyons*, 461 U.S. at 105.  In other words, Plaintiff must "demonstrate that [he is] likely to find [himself] in the same or similar circumstances giving rise to the violation and [he is] likely to again be subjected to the violation."  *Cook*, 2017 WL 4340664, at *9, n.5.  In a putative class action, "that requirement must be satisfied by at least one named plaintiff."  *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012).

Here, Plaintiff cannot establish a credible threat of future harm sufficient to warrant injunctive relief against Defendants.  Plaintiff's Complaint contains no allegations suggesting any threat that he "will again be wronged in a similar way" in the future.  *Lyons*, 461 U.S. at 111.  Further, because Plaintiff understands that Defendants should not charge sales tax on the sale of non-medical protective face masks so long as Pennsylvania remains in a state of emergency, it is a "speculative stretch" to say that Plaintiff will visit an ALDI or Dollar General

21

store in Pennsylvania, purchase a non-medical face mask, and unwittingly allow sales tax to be collected on that purchase. *See, e.g.*, *Winkworth v. Spectrum Brands, Inc.*, 2020 WL 3574687, at *8 (W.D. Pa. June 30, 2020) (Dodge, J.); *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 293 (3d Cir. 2018) (acknowledging the Third Circuit does "not give cognizance to [these types of] *'stop me before I buy again'* claims.") (emphasis added). Lastly, the Department of Revenue's updated guidance in its January 20, 2021 Tax Bulletin, has removed any doubt as to the taxability of non-medical protective masks, making the possibility of future harm even less likely.

Because the Complaint contains *no facts* that would establish a future threat, Plaintiff lacks standing to seek injunctive relief and any such request in the Complaint should be dismissed or stricken.

## VI.   Even if One of Plaintiff's Claims Were to Survive Dismissal, All of Plaintiff's Claims for Punitive Damages Must Be Stricken.

In Pennsylvania, the standard for awarding punitive damages is set out in section 908 of the Restatement (Second) of Torts, which permits an award of punitive damages "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." In evaluating a request for punitive damages, "one must look to the act itself, together with all the circumstances, including the motive of the wrongdoers and the relations between the parties." *Id.* (quoting *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963)). Punitive damages "are awarded only for outrageous conduct, that is, for acts done with bad motive or with a reckless indifference to the interests of others." *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. 1980).

Here, even if one of Plaintiff's Counts survives this Motion—which it should not—Plaintiff offers no facts to support any claim for punitive damages. Instead, he simply regurgitates the

statutory language: "[Defendants'] actions were willful, wanton, oppressive, outrageous and intentional." Compl. ¶ 43, 55. This "threadbare recital" of the elements for punitive damages, unaccompanied by any supporting factual content, cannot withstand a motion to dismiss. *See Salvio v. Amgen Inc.*, 2012 WL 517446 (W.D. Pa. Feb. 15, 2012) (McVerry, J.) (Plaintiff failed to allege any conduct that would rise to the level of seriousness necessary for imposing punitive damages and to satisfy the pleading standard.); s*ee also Allegrino v. Conway E&S, Inc.*, 2010 WL 3943939, at *11 (W.D. Pa. Oct. 6, 2010) (Fischer, J.) (dismissing punitive damages claim where "the factual allegations proffered in support of [plaintiff's] assertions of 'reckless and careless' conduct and 'evil intent and motive' were not sufficient to support a claim for punitive damages.").

Because the Complaint has no factual allegations which, even if true, would establish his entitlement to punitive damages, Plaintiff's claim for punitive damages should be dismissed with prejudice.

## **CONCLUSION**

For these reasons, Defendants Dollar General, Inc. and ALDI, Inc. respectfully request that their Joint Motion to Dismiss be granted and Plaintiff's claims be dismissed with prejudice.

*[Signature page follows.]*

Dated: March 12, 2021                          Respectfully submitted,


/s/ Courtney S. Schorr                         /s/ Craig D. Mills
Gerald J. Stubenhofer, Jr. (PA 72921)          Craig D. Mills (PA 81331)
Courtney S. Schorr (PA 317370)                 Samantha L. Southall (PA 80709 )
McGuireWoods LLP                               (*admission forthcoming*)
260 Forbes Avenue, Suite 1800                  Two Liberty Place
Pittsburgh, Pennsylvania 15222-3142            50 S. 16th Street, Suite 3200
Telephone: 412-667-6000                        Philadelphia, PA 19102
gstubenhofer@mcguirewoods.com                  Telephone: 215-665-8700
cschorr@mcguirewoods.com                       craig.mills@bipc.com
                                               samantha.southall@bipc.com

Bethany G. Lukitsch
(*pro hac vice forthcoming*)                   Bridget J. Daley (PA 316117)
355 S. Grand Ave., Suite 4200                  Buchanon Ingersol & Rooney
Los Angeles, CA 90071                          One Oxford Centre
Telephone 213.457.9875                         301Grant Street, 20th Floor
blukitsch@mcguirewoods.com                     Pittsburgh, PA 15219
                                               Telephone: 412-562-1041
*Counsel for Defendant Dollar General, Inc.*   bridget.daley@bipc.com

                                               *Counsel for Defendant Aldi, Inc.*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2021, a true and correct copy of the foregoing document was filed using the CM/ECF system, which will send notification of such filing to all current counsel of record.

<u>/s/ Courtney S. Schorr</u>
Courtney S. Schorr
McGuireWoods LLP
*Counsel for Dollar General, Inc.*