**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA JAMES, *on behalf of himself and all others similarly situated,* | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 2:21-cv-00209-MJH |
| v. | : | |
| | : | |
| ALDI, INC., DOLLAR GENERAL, eBAY and KEVIN ACCESSORIES ONLINE, | : | **FIRST AMENDED COMPLAINT** |
| | : | |
| Defendants. | : | |

Filed on Behalf of Plaintiff:
Joshua James

Counsel of Record for This Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:(412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    jward@jpward.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA JAMES, *on behalf of himself and all others similarly situated,* | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 2:21-cv-00209-MJH |
| v. | : | |
| | : | |
| ALDI, INC., DOLLAR GENERAL, eBAY and KEVIN ACCESSORIES ONLINE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

### FIRST AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Joshua James by and through the undersigned counsel, J.P. Ward and Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within First Amended Complaint in Civil Action against Defendant, Aldi, Inc., Defendant, Dollar General, Defendant, eBay by and through Kevin Accessories Online, of which the following is a statement:

### PARTIES

1. Plaintiff, Joshua James (hereinafter, "Mr. James"), is an adult individual who currently resides at 725 High Street, Freeport, Pennsylvania 16101.

2. Defendant, Aldi, is a limited liability corporation with a principal place of business located at 1200 North Kirk Road, Batavia, Illinois 60510.

3. Defendant, Dollar General, an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

4.      Defendant, eBay and Kevin Accessories Online, an entity engaged in commerce within the state of Pennsylvania with a principal place of business located at 2025 Hamilton Avenue, San Jose, California 95125.

5.      Upon information and belief, Defendants are licensed retail companies that operate within the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

6.      This action has a Motion to Remand to State Court pending therefore, Plaintiff contends that jurisdiction is proper in the Court of Common Pleas of Allegheny County as Plaintiff bring this lawsuit under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 201-1, *et seq*, and the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S. § 2270.1, *et seq*.

7.      This action has a Motion to Remand to State Court pending therefore, Plaintiff contends that venue is proper pursuant to Pennsylvania Rule of Civil Procedure 2179(a)(2),(3) because Defendants regularly conduct business within Allegheny County and the cause of action arose in Allegheny County.

## ALLEGATIONS OF FACT

8.      Retailers operating in Pennsylvania cannot collect sales tax on protective face masks or coverings because they are nontaxable as "medical supplies."[1] 72 P.S. § 7204(18).

---

[1] On or about March 6, 2020, Governor Tom Wolf declared a disaster emergency due to COVID-19. Thereafter, Governor Wolf renewed the disaster emergency on June 3, 2020 and again on August 31, 2020 for a 90-day period. The Pennsylvania Department of Revenue stated that "[p]rotective face masks that are sold at retail are exempt from Pennsylvania sales tax during the emergency disaster declaration issued on March 6, 2020 by Governor Wolf."

9.      Retailers operating in Pennsylvania cannot collect sales tax on protective face masks or coverings because they are nontaxable as "clothing and accessories." [2] 72 P.S. § 7204(4).

10.     In order to charge or collect sales tax, retailers must first obtain a license from the Pennsylvania Department of Revenue. 61 Pa. Code § 34.1.

11.     The Pennsylvania Department of Revenue provides detailed information regarding state and local sales taxes and fees.[3]

12.     The Pennsylvania Department of Revenue provides updates to state and local tax information on its webpage.[4]

13.     Defendants, as licensed retailers, knew or should have known that, during the state of emergency, "medical supplies" such as face masks or coverings are nontaxable.

14.     Defendants, as licensed retailers, knew or should have known that "clothing and accessories" are nontaxable.

15.     During Governor Wolf's declared state of emergency, Mr. James and others similarly situated purchased protective face masks and coverings from various Pennsylvania-licensed retailers and were charged an unlawful sales tax on said purchase. Defendants represent a fraction of retailers that failed to comply with 72 P.S. § 7204(4) and 72 P.S. § 7204(18) despite information readily available to them.

---

[2] On or about October 30, 2020 the Pennsylvania Department of Revenue stated that, "[p]rior to the COVID-19 pandemic, masks sold at retail were typically subject to Pennsylvania sales tax. However, masks (both cloth and disposable) could now be considered everyday wear/clothing as they are part of the normal attire. Generally speaking, clothing is not subject to Pennsylvania sales tax;" "[g]enerally, clothing is nontaxable except the following: (1) Formal day or evening apparel; (2) Articles made of real, imitation or synthetic fur, where the fur is more than three times the value of the next most valuable component material; and (3) Sporting goods and clothing normally worn or used when engaged                     in                     sports…" https://revenuepa.custhelp.com/app/answers/detail/a_id/3748#:~:text=Protective%20face%20masks%20that%20are, 6%2C%202020%20by%20Governor%20Wolf.&text=Pennsylvania%20sales%20tax%20is%20not,disposable%20su rgical%20masks%20or%20ventilators.

[3] https://www.revenue.pa.gov/FormsandPublications/FormsforBusinesses/SUT/Documents/rev-717.pdf.
[4] https://revenue-pa.custhelp.com/app/home.

16.    Charging consumers, like Mr. James and others similarly situated, sales tax on medical supplies and/or clothing and accessories –both of which are nontaxable– constitutes unfair methods of competition and unfair and deceptive practices in stark violation of the UTPCPL.

## CLASS ALLEGATIONS

17.    Mr. James brings these claims individually and on behalf of all others similarly situated pursuant to Rule 1700 of the Pennsylvania Rules of Civil Procedure.

18.    Mr. James seeks to certify the following Classes:

a.    The Aldi Class consists of all individuals who purchased a protective face mask or face covering from an Aldi retail location within Pennsylvania, or via Aldi's website, on or after March 6, 2020 and arranged for delivery into Pennsylvania, and who were charged an amount or fee represented to be sales tax on that purchase.

b.    The Dollar General Class consists of all individuals who purchased a protective face mask or face covering from a Dollar General retail location within Pennsylvania, or via Dollar General's website, on or after March 6, 2020 and arranged for delivery into Pennsylvania, and who were charged an amount or fee represented to be sales tax on that purchase.

c.    The eBay and Kevin Accessories Online Class consists of all individuals who purchased a protective face mask or face covering from a eBay and Kevin Accessories Online retail location within Pennsylvania, or via eBay and Kevin Accessories Online website, on or after March 6, 2020 and arranged for delivery into Pennsylvania, and who were charged an amount or fee represented to be sales tax on that purchase.

19.    Plaintiff reserve the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with their motion for class

certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

20.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

21.     Numerosity – Pennsylvania Rule of Civil Procedure 1702(1).  Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable. Governor Wolf has ordered that every Pennsylvania citizen has been ordered to wear a face mask or covering while in public. Because there are almost 13,000,000 citizens residing within the Commonwealth of Pennsylvania, there are likely hundreds, thousands, or more members of each aforementioned Class. The identities of each Class member are readily ascertainable from the records of sales and/or transactional receipts maintained by each Defendant.

22.     Commonality – Pennsylvania Rule of Civil Procedure 1702(2). This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a.     Whether consumers were charged a tax or fee purported to be sales tax on the purchase of face masks or face coverings purchased within, or delivered to, Pennsylvania on or after March 6, 2020

b.     Whether charging a tax or fee purported to be sales tax on nontaxable items within the Commonwealth of Pennsylvania constitutes an unfair and deceptive practice in violation of the UTPCPL.

c.     Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

23.     Typicality – Pennsylvania Rule of Civil Procedure 1702(3). The Plaintiff's claims are typical of the other class members' claims because, *inter alia*, all class members were comparably injured. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

24.     Adequacy of Representation – Pennsylvania Rule of Civil Procedure 1702(4) and 1709. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff' counsel has adequate financial means to vigorously pursue this action and ensure the interests of the Classes will not be harmed. Furthermore, the interests of the Class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

25.     Predominance – Pennsylvania Rule of Civil Procedure 1708(a)(1). Common questions of law and fact predominate over any questions affecting only individual class members. Defendants' liability and the fact of damages is common to Plaintiff and each member of the Class.

26.     Manageability – Pennsylvania Rule of Civil Procedure 1708(a)(1). While the precise size of the class is unknown without the disclosure of Defendants' records, the claims of Plaintiff and the Class members are substantially identical as explained above. Certifying the case as a class action will centralize these substantially identical claims in a single proceeding and adjudicating these substantially identical claims at one time is the most manageable litigation method available to Plaintiff and the Class.

27.     Risk of Inconsistent, Varying, or Prejudicial Adjudications – Pennsylvania Rule of Civil Procedure 1708(a)(3). If the claims of Plaintiff and the members of the Class were tried

separately, Defendants may be confronted with incompatible standards of conduct and divergent court decisions. Furthermore, if the claims of Plaintiff and the members of the Class were tried individually, adjudications with respect to individual Class members and the propriety of their claims could be dispositive on the interests of other members of the class not party to those individual adjudications and substantially, if not fully, impair or impede their ability to protect their interests. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.

28.    Litigation Already Commenced – Pennsylvania Rule of Civil Procedure 1708(a)(4). To Plaintiff's knowledge, there are no other cases that have been brought against Defendants, or that are currently pending against Defendants, where a Pennsylvania consumer seeks to represent a class of Pennsylvania residents based on the conduct alleged in this Class Action Complaint.

29.    The Appropriateness of the Forum - Pennsylvania Rule of Civil Procedure 1708(a)(5). This is the most appropriate forum to concentrate the litigation because Defendant is subject to general jurisdiction in this County and a substantial number of class members were injured in this County.

30.    The Class Members' Claims Support Certification - Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7). Given the amount recoverable by each Class member, the expenses of individual litigation are insufficient to support or justify individual suits. Furthermore, the damages that may be recovered by the Class will not be so small such that class certification is unjustified. Class treatment will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31.     The General Applicability of Defendants' Conduct - Pennsylvania Rule of Civil Procedure 1708(b)(2). Defendants' uniform conduct is generally applicable to the Class as a whole, making equitable and declaratory relief appropriate with respect to each class member.

**COUNT I – ALDI**
**VIOLATIONS OF THE UTPCPL**
**73 Pa. Stat. § 201-1,** *et seq*.

32.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

33.     Mr. James and Aldi are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

34.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

35.     Aldi's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

36.     Aldi's advertised price for a protective face mask was $7.47.

37.     On or about October 21, 2020, Mr. James was charged and paid $7.92.

38.     Based upon its misrepresentation of the applicable sales tax, Aldi unlawfully charged and collected $.45 as a sales tax from Mr. James.

39.     Aldi's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

      a.  Aldi caused a likelihood of confusion or of misunderstanding as to its affiliation, connection or association with, or certification by, the Pennsylvania Department of Revenue to collect lawful sales tax; 73 P.S. § 201-4(iii)

      b.  Aldi represented that it had approval from the Pennsylvania Department of Revenue to collect a sales tax on masks that it did not have; 73 P.S. § 201-4(v)

8

c.   Aldi represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

d.   Aldi advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

e.   Aldi engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

40.    Mr. James justifiably relied upon Aldi's fraudulent and deceptive conduct to his financial detriment.

41.    Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

42.    Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

43.    Aldi's actions were willful, wanton, oppressive, outrageous, and intentional. As a retail company licensed to operate and collect sales tax within the Commonwealth of Pennsylvania, Aldi knew or should have known that masks were exempt from sales tax,

deliberately disregarded the Department of Revenue's directive and chose to collect sales tax on masks. Therefore, the imposition of punitive damages is appropriate in this case.

## COUNT II – DOLLAR GENERAL
### VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

44.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

45.     Mr. James and Dollar General are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

46.     The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

47.     Dollar General's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

48.     Dollar General's advertised price for a protective face mask was $6.00.

49.     On or about November 21, 2020, Mr. James was charged and paid $6.36.

50.     Based upon its misrepresentation of the applicable sales tax, Dollar General unlawfully charged and collected $.36 as a sales tax from Mr. James.

51.     Dollar General's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

    a.   Dollar General caused a likelihood of confusion or of misunderstanding as to its affiliation, connection or association with, or certification by, the Pennsylvania Department of Revenue to collect lawful sales tax; 73 P.S. § 201-4(iii)

b. Dollar General represented that it had approval from the Pennsylvania Department of Revenue to collect a sales tax on masks that it did not have; 73 P.S. § 201-4(v)

c. Dollar General represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

d. Dollar General advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

e. Dollar General engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

52. Mr. James justifiably relied upon Dollar General's fraudulent and deceptive conduct to his financial detriment.

53. Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

54. Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

55.    Dollar General's actions were willful, wanton, oppressive, outrageous, and intentional. As a retail company licensed to operate and collect sales tax within the Commonwealth of Pennsylvania, Dollar General knew or should have known that masks were exempt from sales tax, deliberately disregarded the Department of Revenue's directive and chose to collect sales tax on masks. Therefore, the imposition of punitive damages is appropriate in this case.

## COUNT III – EBAY and KEVIN ACCESSORIES ONLINE

### VIOLATIONS OF THE UTPCPL
### 73 Pa. Stat. § 201-1, *et seq*.

56.    Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

57.    Mr. James and eBay and Kevin Accessories Online are persons as defined by the UTPCPL. 73 P.S. § 201-2(2).

58.    The protective face masks are goods purchased for personal, family and/or household use. 73 P.S. § 201-9.2(a).

59.    eBay and Kevin Accessories Online's conduct described herein constitutes trade and commerce as defined by the UTPCPL. 73 P.S. § 201-2(3).

60.    eBay and Kevin Accessories Online's advertised price for a protective face mask was $7.98.

61.    On or about November 12, 2020, Mr. James was charged and paid $8.46.

62.    Based upon its misrepresentation of the applicable sales tax, eBay and Kevin Accessories Online unlawfully charged Mr. James $.48 as a sales tax.

63.     eBay and Kevin Accessories Online's conduct described herein constitutes unfair methods of competition and unfair and deceptive acts or practices prohibited by the UTPCPL in the following particulars:

a.   eBay and Kevin Accessories Online caused a likelihood of confusion or of misunderstanding as to its affiliation, connection or association with, or certification by, the Pennsylvania Department of Revenue to collect lawful sales tax; 73 P.S. § 201-4(iii)

b.   eBay and Kevin Accessories Online represented that it had approval from the Pennsylvania Department of Revenue to collect a sales tax on masks that it did not have; 73 P.S. § 201-4(v)

c.   eBay and Kevin Accessories Online represented that the protective face masks have characteristics that they do not have; 73 P.S. § 201-4(v)

d.   eBay and Kevin Accessories Online advertised goods with the intent not to sell them as advertised; 73 P.S. § 201-4(ix)

e.   eBay and Kevin Accessories Online engaged in fraudulent or deceptive conduct which created the likelihood of confusion or misunderstanding. 73 P.S. § 201-4(xxi).

64.     Mr. James justifiably relied upon eBay and Kevin Accessories Online's fraudulent and deceptive conduct to his financial detriment.

65.     Pursuant to UTPCPL 73 P.S. § 201-9.2(a):

"Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100.00), whichever is greater. The

court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."

66.     Recoverable damages under the UTPCPL include compensation for mental anguish, pecuniary damages, consequential damages, cover damages, and inconvenience of suit. Such actual damages may be assessed and trebled at the discretion of the court, in additional to such other relief as deemed just and proper.

67.     eBay and Kevin Accessories Online's actions were willful, wanton, oppressive, outrageous, and intentional. As a retail company licensed to operate and collect sales tax within the Commonwealth of Pennsylvania, eBay and Kevin Accessories Onlince knew or should have known that masks were exempt from sales tax, deliberately disregarded the Department of Revenue's directive and chose to collect sales tax on masks. Therefore, the imposition of punitive damages is appropriate in this case.

## COUNT IV – EBAY and KEVIN ACCESSORIES
## CIVIL CONSPIRACY TO COMMIT CONVERSION

68.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

69.     In order to state a civil action for conspiracy, a complaint must allege: 1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage. Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. 2004)(citing to McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000)).

70.    eBay and Kevin Accessories Online acted in concert to perform the unlawful act of charging sales tax on nontaxable goods in violation of 72 P.S. § 7204(4), 7204(18) and the UTPCPL.

71.    eBay and Kevin Accessories Online's common purpose was financial gain.

72.    eBay and Kevin Accessories Online's overt act in pursuit of the common purpose was the imposition and collection of the unlawful charge which constituted sales tax.

73.    Plaintiff and members similarly situated suffered actual legal damage in violation of their rights as Pennsylvania consumers.

**COUNT V**
**VIOLATIONS OF THE PFCEUA, 73 P.S. § 2270, <i>et seq</i>.**
**VIOLATIONS OF THE UTPCPL, 73 P.S. § 201-1, <i>et seq</i>.**
*Asserted on behalf of Plaintiff and Class, against All Defendants*

74.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

75.    Mr. James is a "consumer" as defined by 73 P.S. § 2270.3 of the PFCEUA.

76.    Defendants are "creditor[s]" as defined by 73 P.S. § 2270.3 of the PFCEUA.

77.    A "debt" is defined as "[a]n actual or alleged past due obligation, claim, demand, note or other similar *liability of a consumer to pay money, arising out of a single account as a result of a purchase*…" 73 P.S. § 2270.3 of the PFCEUA (emphasis added). At the point of sale, a debt was created to which Plaintiff owed and promptly paid.

78.    73 P.S. § 2270.4(5) of the PFCEUA provides:

> (5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (v) The threat to take any action that cannot legally be taken or that is not intended to be taken

15

> (x) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73 P.S. § 2270.4(5) of the PFCEUA.

79.    Upon charging sales tax upon a nontaxable item, Defendants utilized false, deceptive, and misleading representations and means in connection with the collection of any debt as Defendants misrepresented the amount lawfully due in violation of 73 P.S. § 2270.4(5) of the PFCEUA.

80.    Upon charging sales tax upon an item deemed exempt from sales tax provisions, Defendants took an action that cannot legally be taken in violation of 73 P.S. § 2270.4(5)(v) of the PFCEUA.

81.    73 P.S. § 2270.4(6) of the PFCEUA provides:

> A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (i) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law

73 P.S. § 2270.4(6) of the PFCEUA.

82.    Defendants' unlawful behavior described hereinabove constituted the collection of any amount not expressly authorized by law in violation of 73 P.S. § 2270.4(6)(i) of the PFCEUA.

83.    Mr. James thereby justifiably relied upon and subsequently suffered an ascertainable loss in the form of the abovementioned excessive and unlawful charge.

84.    73 P.S. § 2270.5 of the PFCEUA provides "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation

16

of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law." *Id.*

85.    73 P.S. § 201-2(4)(xxi) of the UTPCPL prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id*.

86.    Defendants engaged in fraudulent or deceptive conduct becoming of confusion or of misunderstanding upon exacting a tax upon a nontaxable item as described hereinabove.

87.    Therefore, Defendants violated 73 P.S. § 201-2(4)(xxi) of the UTPCPL.

88.    73 P.S. § 201-9.2 of the UTPCPL provides, in relevant part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 1 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees

73 P.S. § 201-9.2 of the UTPCPL.

73.    As a direct and proximate result of Defendants' violations of the PFCEUA and the UTPCPL, Joshua James suffered actual damages in the form of the unlawfully charged sales tax, annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

### COUNT VI
**Asserted on behalf of Plaintiffs and Class, against All Defendants**
*Unjust Enrichment*

74.    Plaintiff incorporate the allegations contained in the paragraphs, above, as if fully set forth at length herein.

75.    As a result of Defendants' unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiff and the class members through the payment of fees in the form of a sales tax that never should have been charged for the sale of the protective masks and was charged in direct violation of Pennsylvania law.

76.    Defendants received the benefit of maximizing fees and/or profits at the expense of the Plaintiff and class members in direct violation of Pennsylvania Law.

77.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill -gotten benefits they received from Plaintiff and the class members, in light of the fact that Defendants used illegal, deceptive, and/or unfair practices to force Plaintiff and class members to pay fees in the form of a sales tax in direct violation of Pennsylvania law.

78.    Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiff and the class members for the benefits received as a result of Defendants' unfair, deceptive, and/or illegal practices described herein.

## **COUNT VII**
**Asserted on behalf of Plaintiffs and Class, against All Defendants**
***Misappropriation/Conversion***

79.    Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Class Action Complaint as if fully restated herein.

80.    At all times relevant herein, Plaintiffs and class members had a property interest in their funds.

81.    Defendants, by their wrongful acts, interfered with Plaintiffs' and class members' property interests in their funds by unlawfully exacting a tax on a nontaxable item

82.    Defendants had no authority to charge Plaintiffs and class members tax on a nontaxable product.

83.    As a result, Defendants' collection of fees converted the funds rightfully belonging

18

to Plaintiffs and the class members without their consent. Further, Defendants caused the Plaintiffs and class members to suffer a loss of use of their funds.

84.     The conversion the class member's money was illegal, unjustified, outrageous, and intentional, insofar as it is believed and therefore averred that at all times relevant herein Defendants have or had actual knowledge that the process it employed to charge Plaintiffs violated Pennsylvania law.

85.     Alternatively, if the conversion was not deliberate, it was the result of Defendants' recklessness and gross neglect.

86.     The conversion of Plaintiff's and class members' funds benefitted and continues to benefit Defendants, while acting to the severe pecuniary disadvantage of Plaintiffs and the class members.

87.     As a result of the conversion, Plaintiffs and class members suffered actual injury and loss in amounts that are capable of identification through Defendants' records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Joshua James, on his own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendants as follows:

A.  Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.  Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits

and unjust enrichment that Defendant obtained from Plaintiff and the class members as a result of Defendant's unlawful conduct;

C. Ordering Defendants to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

D. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

E. Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: March 23, 2021                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiffs