IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA JAMES,<br><br>       Plaintiff,<br><br>   v.<br><br>ALDI, INC.; DOLLAR GENERAL; EBAY; and KEVIN ACCESSORIES ONLINE;<br><br>       Defendants. | CIVIL ACTION NO. 2:21-cv-00209-MJH |

**DEFENDANTS DOLLAR GENERAL, INC.'S AND ALDI INC.'S
JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Dollar General, Inc. (incorrectly named Dollar General) (hereinafter "Dollar General") and ALDI Inc. (hereinafter "ALDI") (collectively, "Defendants"), through their undersigned counsel, respectfully move this Court for an order dismissing the Second Amended Complaint ("Motion") filed by Plaintiff Joshua James ("Plaintiff") with prejudice. In support of their Motion, Defendants incorporate by reference the accompanying Memorandum of Law, and further state as follows:

1. Plaintiff initially filed this putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania on or about November 12, 2020. On February 11, 2021, Defendant Dollar General timely removed this action to this Court.

2. On March 25, 2021, Plaintiff filed a motion for leave to amend his complaint in order to include the dates on which Plaintiff purchased the face masks from the three named Defendants. Plaintiff's motion for leave to amend was granted by this Court.

1

3.     On March 31, 2021, Plaintiff filed his First Amended Complaint ("FAC") to include the dates of purchase, dates that were conspicuously missing from the initial Complaint. During the parties' meet-and-confer regarding Defendants' Motion to Dismiss the First Amended Complaint, the undersigned counsel advised Plaintiff's counsel that the date of purchase from Dollar General occurred after Plaintiff filed his initial complaint.

4.     On April 15, 2021, Plaintiff filed a Motion to File a SAC asserting that the purchase date for Dollar General alleged in the FAC was a typographical error. Plaintiff's Motion was granted by this Court on April 26, 2021, and Plaintiff filed the operative SAC on April 27, 2021 which amended Plaintiff's Dollar General purchase date and removed Defendants eBay and Kevin Accessories Online.

5.     In the SAC, Plaintiff alleges that Defendants improperly collected sales tax on a "protective face mask" purchase he made from each Defendant during the COVID-19 pandemic. Specifically, Plaintiff alleges he purchased a protective face mask from ALDI on October 21, 2020, nine days *before* the Department of Revenue first indicated that face masks were non-taxable. Plaintiff also alleges he purchased a protective face mask from Dollar General on November 12, 2020, which was the very same day he filed his initial Complaint in this case.

6.     The SAC asserts claims against Defendants for a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Pennsylvania's Fair Credit Extension Uniformity Act ("PFCEUA"), unjust enrichment, and "misappropriate/conversion."

7.     Plaintiff's UTPCPL claims are subject to dismissal with prejudice for several reasons.

    a. First, tax collection is not "trade or commerce" under the UTPCPL, and therefore is outside the scope of the UTPCPL.

    b. Second, Plaintiff has not alleged any facts to support his allegations that Defendants engaged in fraudulent, deceptive, or unfair conduct or representations. In addition, by Plaintiff's own allegations in the SAC, ALDI's collection of sales tax on the protective face mask purchase on October 21, 2020 – before the Department of Revenue posted its "answer" stating that protective face masks were exempt from sales tax – was lawful.

    c. Third, Plaintiff has not alleged that he justifiably relied on any alleged statement or conduct by Defendants. Specifically, as to Dollar General, Plaintiff could not have "justifiably relied" on Dollar General's "fraudulent and deceptive conduct" during his November 12, 2020 purchase, the very same day he filed his 96-paragraph initial complaint alleging face masks were nontaxable and asserting UTPCPL claims against Dollar General.

    d. Lastly, Plaintiff has not suffered an ascertainable loss, let alone any loss, caused by justifiable reliance on any alleged representations by Defendants, when he could easily seek a refund of the tax from the Department of Revenue.

8. Plaintiff's PFCEUA claim can only be brought under the UTPCPL, and therefore this claim fails for the same reasons as his UTPCPL claim. Plaintiff's PFCEUA claim also fails because Defendants' collection of the sales tax does not constitute a "debt" as defined by the PFCEUA.

9. Plaintiff's unjust enrichment claim also fails as a matter of law because Defendants are licensed to collect sales tax on behalf of the Pennsylvania Department of Revenue, and receive no benefit from the collection of sales tax.

10. Plaintiff's "misappropriation/conversion" claim fails because he cannot state a claim for misappropriation or conversion where Plaintiff voluntarily paid the funds and the Defendants did not retain the funds for their own use.

11. Lastly, Plaintiff's claim for punitive damages should be dismissed as he fails to offer any supporting facts to support such an award.

WHEREFORE, for all of the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law, Defendants respectfully request that their Motion to Dismiss be granted and Plaintiff's Second Amended Complaint be dismissed with prejudice.

Dated: May 12, 2021                                Respectfully submitted,

/s/ Courtney S. Schorr                             /s/ Craig D. Mills
Gerald J. Stubenhofer, Jr. (PA 72921)              Craig D. Mills (PA 81331)
Courtney S. Schorr (PA 317370)                     Samantha L. Southall (PA 80709 )
McGuireWoods LLP                                   (admitted *pro hac vice*)
260 Forbes Avenue, Suite 1800                      Two Liberty Place
Pittsburgh, Pennsylvania 15222-3142                50 S. 16th Street, Suite 3200
Telephone: 412-667-6000                            Philadelphia, PA 19102
gstubenhofer@mcguirewoods.com                      Telephone: 215-665-8700
cschorr@mcguirewoods.com                           craig.mills@bipc.com
                                                   samantha.southall@bipc.com

Bethany G. Lukitsch                                Bridget J. Daley (PA 316117)
(admitted *pro hac vice*)                          Buchanan Ingersoll & Rooney
355 S. Grand Ave.                                  One Oxford Centre
Suite 4200                                         301Grant Street, 20th Floor
Los Angeles, CA 90071                              Pittsburgh, PA 15219
Telephone 213.457.9875                             Telephone: 412-562-1041
blukitsch@mcguirewoods.com                         bridget.daley@bipc.com

*Counsel for Defendant Dollar General, Inc.*       *Counsel for Defendant Aldi, Inc.*

## CERTIFICATE OF CONFERRAL

Pursuant to Section 1(g) of this Court's Standing Order and Procedures on Civil Motion Practice, I hereby certify that on May 12, 2021 counsel for Defendant Dollar General and ALDI made good faith efforts to confer with counsel for Plaintiff to determine whether issues raised in Defendants' Motion to Dismiss the Second Amended Complaint could be resolved to avoid the filing of this Motion, but a resolution could not be reached.

/s/ Courtney S. Schorr
Courtney S. Schorr
MCGUIREWOODS LLP
*Counsel for Dollar General, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, a true and correct copy of the foregoing document was filed using the CM/ECF system, which will send notification of such filing to all current counsel of record.

/s/ Courtney S. Schorr
Courtney S. Schorr
MCGUIREWOODS LLP
*Counsel for Dollar General, Inc.*