# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA JAMES,

       Plaintiff,

   v.

ALDI, INC.; DOLLAR GENERAL;
EBAY; and KEVIN ACCESSORIES
ONLINE;

      Defendants.

CIVIL ACTION NO. 2:21-cv-00209-MJH

**DEFENDANTS DOLLAR GENERAL, INC.'S AND ALDI INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

PROCEDURAL BACKGROUND ...................................................................................... 4

FACTUAL BACKGROUND .............................................................................................. 4

LEGAL STANDARD .......................................................................................................... 8

ARGUMENT ....................................................................................................................... 9

I.     Plaintiff Fails to State a Claim Under the UTPCPL. .......................................... 9

    A.     Collecting Sales Tax Does Not Constitute "Trade" or "Commerce" and Therefore Is Outside the Scope of the UTPCPL.................................... 9

    B.     Plaintiff's Conclusory Allegations Are Insufficient to Allege a UTPCPL Claim against Defendants. ................................................................... 12

        1.     Plaintiff has failed to allege that Defendants engaged in fraudulent, deceptive, or unfair conduct.................................... 12

        2.     Plaintiff has failed to allege any facts to establish his justifiable reliance on Defendants' alleged representations..................................... 16

        3.     Plaintiff has failed to allege that he suffered any ascertainable loss........ 19

II.     Plaintiff's PFCEUA Claim Fails as a Matter of Law. .................................................. 20

III.     Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law. ..................................... 21

IV.     Plaintiff's Claim for Misappropriation/Conversion Fails as a Matter of Law................. 21

V.     Even if One of Plaintiff's Claims Were to Survive Dismissal, All of Plaintiff's Claims for Punitive Damages Must Be Stricken. ........................................................ 23

CONCLUSION................................................................................................................... 24

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*220 W. Rittenhouse Square Condo. Assoc. v. Stolker*,
  2012 WL 1948515 (Pa.Com.Pl. May 15, 2012) ....................................................10

*Abrevaya v. VW Credit Leasing, LTD.*,
  2009 WL 8466868 (E.D. Pa. Jul. 22, 2009) ..........................................................18

*Aldine Apartments, Inc. v. Commonwealth, Dep't of Revenue*,
  379 A.2d 333 (Pa. Commw. Ct. 1977) .................................................................10

*Allegrino v. Conway E&S, Inc.*,
  2010 WL 3943939 (W.D. Pa. Oct. 6, 2010) ..........................................................24

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................8

*Bartolotta v. Dunkin' Brands Grp., Inc.*,
  2016 U.S. Dist. LEXIS 168125 (N.D. Ill. Dec. 6, 2016) ........................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................8

*Bennet v. A.T. Masterpiece Homes at Broadsprings, LLC*,
  40 A.3d 145 (Pa. Super. 2012) ............................................................................15

*Blass v. Rite Aid of Connecticut, Inc.*,
  16 A.3d 855 (Conn. 2009) .........................................................................10, 11, 12

*Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*,
  194 A.3d 1010 (Pa. 2018) ...................................................................................14

*Corsale v. Sperian Energy Corp.*,
  412 F. Supp. 3d at 556 (W.D. Pa. 2019) ..............................................................19

*Emery v. Third Nat. Bank of Pittsburgh*,
  162 A. 281 (Pa. 1932) ........................................................................................18

*Feeney v. Dell*,
  908 N.E.2d 753 (Mass. 2009) .........................................................................10, 11

*Garczynski v. Countrywide Home Loans, Inc.*,
  656 F. Supp. 2d 505 (E.D. Pa. 2009) ...................................................................15

*Geness v. Admin. Office of Pa. Courts*,
   974 F.3d 263 (3d Cir. 2020)............................................................................................4

*Glover v. Udren*,
   2014 WL 4348078 (W.D. Pa. Sept. 2, 2014)................................................................19

*Glover v. Wells Fargo Home Mortg.*,
   629 F. App'x 331 (3d Cir. 2015) ..................................................................................18

*Hall v. Equifax Information Services, LLC*,
   204 F. Supp. 3d 807 (E.D. Pa. 2016) ...........................................................................20

*Humphreys v. Budget Rent A Car Sys. Inc.*,
   2017 WL 6497285 (E.D. Pa. Dec. 19, 2017).................................................................20

*Hunt v. U.S. Tobacco Co.*,
   538 F.3d at 217 (3rd Cir. 2008) ........................................................................9, 16, 17

*Karlsson v. F.D.I.C.*,
   942 F. Supp. 1022 (E.D. Pa. 1996) ...............................................................................14

*Kemezis v. Matthews*,
   394 F. App'x 956 (3d Cir. 2010) ..................................................................................17

*Kerr v. State Farm Mut. Auto. Ins. Co.*,
   2018 WL 5809989 (W.D. Pa. Nov. 6, 2018) .............................................................8, 15

*Lawn v. Enhanced Serv. Billing, Inc.*,
   2010 WL 2773377 (E.D. Pa. July 13, 2010)...............................................................23,

*Lilian v. Commonwealth*,
   354 A.2d 250 (Pa. 1976) ...............................................................................................19

*Limbach v. City of Phila.*,
   905 A.2d 567 (Pa. Commw. Ct. 2006) ............................................................................1

*McIntosh v. Walgreens Boots All., Inc.*,
   135 N.E.3d 73 (Ill. 2019)...............................................................................................18

*Meyer v. Cmty. Coll. of Beaver Cty.*,
   93 A.3d 806 (Pa. 2014)....................................................................................................9

*Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*,
   885 A.2d 1127 (Pa. Commw. Ct. 2005) ........................................................................21

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir.1993)............................................................................................5

*Pfendler v. PNC Bank*,
    765 F. App'x 858 (3d Cir. 2019) ....................................................16

*Phillips v. Cty of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)...........................................................8

*Prukala v. Chase Bank, N.A.*,
    2020 WL 5351042 (M.D. Pa. Sept. 4, 2020) ................................20

*N.M. ex rel. Richardson v. BLM*,
    565 F.3d 683 (10th Cir. 2009) ........................................................5

*In re Rutter's Inc. Data Sec. Breach Litig.*,
    2021 WL 29054 (M.D. Pa. Jan. 5, 2021)......................................17

*Salvio v. Amgen Inc.*,
    2012 WL 517446 (W.D. Pa. Feb. 15, 2012)..................................23

*Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*,
    401 F.3d 123 (3d Cir. 2005)...........................................................12

*Seldon v. Home Loan Servs., Inc.*,
    647 F. Supp. 2d 451 (E.D. Pa. 2009) ....................................13, 14, 16

*Singh v. Wal-Mart Stores, Inc.*,
    1999 WL 374184 (E.D. Pa. June 10, 1999)..................................19

*Smith v. Brown*,
    423 A.2d 743 (Pa. Super. Ct. 1980)..............................................23

*Smith v. Lynn*,
    809 F. App'x 115 (3d Cir. 2020) .....................................................4

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    506 F. App'x 133 (3d Cir. 2012) ....................................................18

*Sowemimo v. Thomas*,
    2009 WL 3806737 (W.D. Pa. Nov. 13, 2009) .................................8

*Stevenson v. Econ. Bank of Ambridge*,
    197 A.2d 721 (Pa. 1964)................................................................22

*Thomas v. Philadelphia Hous. Auth.*,
    2011 WL 2415157, at *9 (E.D. Pa. June 15, 2011).......................22

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
    980 F.3d 879 (3d Cir. 2020)...........................................................12

*Torchia v. Torchia*,
499 A.2d 581 ( Pa. Super. Ct. 1985) ........................................................................21

*Toy v. Metropolitan Life Insurance Co.*,
928 A.2d 186 (Pa. 2007) ...........................................................................................18

*Universal Film Exchs., Inc. v. Bd. of Fin. & Revenue*,
185 A.2d 542 (Pa. 1962) ...........................................................................................20

*Vanderklok v. United States*,
868 F.3d 189 (3d Cir. 2017) .........................................................................................4

*Walkup v. Santander Bank, N.A.*,
147 F. Supp. 3d 349 (E.D. Pa. 2015) ........................................................................17

*Weinberg v. Sun Co., Inc.*,
777 A.2d 442 (Pa. 2001) ......................................................................................12, 16

*Wen v. Willis*,
117 F. Supp. 3d 673 (E.D. Pa. 2015) ........................................................................22

*Williams v. Enter. Holdings, Inc.*,
2013 WL 1158508 (E.D. Pa. Mar. 20, 2013) ............................................................20

*Wilson v. Parisi*,
549 F. Supp. 2d 637 (M.D. Pa. 2008) .......................................................................14

*Win & Son, Inc. v. City of Philadelphia*,
178 F. Supp. 3d 234 (E.D. Pa. 2016) ........................................................................22

*Winer Fam. Tr. v. Queen*,
503 F.3d 319 (3d Cir. 2007) .........................................................................................5

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
854 A.2d 425 (Pa. 2004) ...........................................................................................16

**Statutes**

72 P.S. §§ 7202(a), 7217(a)(2)–(4), 7221, 7222(a), 7225 ...........................................21

72 P.S. § 7204(4) ............................................................................................................6

72 P.S. § 7204(17) ..........................................................................................................6

72 P.S. § 7204(18) ..........................................................................................................6

72 P.S. § 7204(26) ..........................................................................................................7

72 P.S. §§ 7214 (a)(2)-(4), 7225, 7237(b)(1) ..............................................................10

72 P.S. §§ 7252 .................................................................................................21

72 P.S. §§ 7252, 7253(a) .....................................................................................12

72 P.S. § 7253 ...................................................................................................8

72 P.S. § 7270(a) ..............................................................................................11

73 P.S. § 201-2(4) .............................................................................................13

73 P.S. § 201-3(a) ...............................................................................................9

73 P.S. § 201-9.2 ............................................................................................9, 20

73 P.S. § 2270.3 ................................................................................................20

73 P.S. § 2270.4(5) ............................................................................................20

73 P.S. § 2270.5(a) ............................................................................................20

Class Action Fairness Act of 2005 ..........................................................................4

Connecticut Unfair Trade Practices Act ..................................................................11

Pennsylvania's Fair Credit Extension Uniformity Act ..................................................2

Pennsylvania's Unfair Trade Practices and Consumer Protection Law .................. *passim*

Pennsylvania Tax Reform Code .............................................................................11

**Other Authorities**

21 C.F.R. § 814.80 ...............................................................................................7

61 Pa. Code §§ 34.2(d), 35.2 ...............................................................................21

Fed. R. Civ. P. 12(b)(6) .........................................................................................8

Fed. R. Evid. 201(b) .............................................................................................5

Defendants Dollar General, Inc. (incorrectly named Dollar General) (hereinafter "Dollar General") and ALDI Inc. (hereinafter "ALDI") (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Joint Motion to Dismiss the Second Amended Complaint ("SAC") in Civil Action ("Motion") filed by Plaintiff Joshua James ("Plaintiff").

## INTRODUCTION

This putative consumer class action arises from the global COVID-19 pandemic. In response to this health crisis, many retailers, including Defendants, began to sell non-medical face masks, some for the very first time. As Plaintiff acknowledges, protective face masks were subject to Pennsylvania sales tax before the pandemic. Indeed, it was not until January 20, 2021—months *after* this action was filed—that the Pennsylvania Department of Revenue ("Department of Revenue") issued a Sales and Tax Bulletin ("Tax Bulletin") stating its position that cloth and disposable non-medical masks were exempt from sales tax as of October 30, 2020. Plaintiff alleges that Defendants' ministerial act of collecting sales tax—which they collect as agents of the Commonwealth and from which ***they did not profit***—on protective face masks that retailers had sold as a result of the pandemic constitute "unfair methods of competition and unfair and deceptive practices in stark violation of" Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and acts of conversion and/or misappropriation, through which Defendants allegedly enriched themselves.

Rather than file a petition with the Department of Revenue for a full refund of the sales tax he contends Defendants improperly collected (a grand total of $0.81 collected by Defendants), Plaintiff instead filed this putative consumer class action. By asserting these claims, Plaintiff and the putative class seeks to profit to the tune of $100 per transaction (over 100 times the actual tax collected by Defendants), not including the "mental anguish damages," treble, and punitive damages he also requests.

This Court should reject Plaintiff's brazen attempt to obtain such a windfall. Plaintiff's assertion that Defendants would intentionally or recklessly engage in illegal and deceptive conduct, the only result of which would be to fill the coffers of the Commonwealth, defies logic and common sense, and is belied by the facts alleged here. While the backdrop of this case is the propriety of the collection of sales tax on face masks during the pandemic, the Court need ***not*** decide that issue to dismiss this SAC. Plaintiff is not challenging the validity or applicability of the tax with the Department of Revenue, which has confirmed its position in the Tax Bulletin. Rather, the sole question here is whether Plaintiff can state claims for an alleged violation of the UTPCPL, violation of Pennsylvania's Fair Credit Extension Uniformity Act ("PFCEUA"), unjust enrichment, and for "misappropriate/conversion." For the reasons set forth below, he cannot.

Plaintiff's SAC identifies the date he purchased protective face masks from each Defendant and attaches purchase receipts as exhibits. The timing of the purchases cannot support his claims. Indeed, Plaintiff alleges he purchased a protective face mask from ALDI on October 21, 2020, or ***nine days before*** the Department of Revenue posted an "answer" regarding the exemption of cloth face masks from sales tax. Thus, by Plaintiff's own allegations in the SAC, ALDI's collection of sales tax on his protective face mask purchase was lawful and does not constitute an unfair or deceptive business practice under UTPCPL. Similarly, Plaintiff alleges that he purchased a protective face mask from Dollar General on November 12, 2020, ***just over 5 hours before*** he filed his initial Complaint in this case.[1] Because Plaintiff clearly understood that protective face masks

---

[1] The receipt attached to the SAC reflects a purchase time of 15:27 on November 12, 2020. *See* Dkt. # 35, Exhibit B; *see also* Dkt. # 33, Exhibit 1, reflecting the filing of Plaintiff's Complaint at 08:46 on November 12, 2020. During a meet-and-confer held on May 12, 2021, Plaintiff's counsel represented to counsel for Defendants that the initial complaint was filed at 8:46 p.m. on November 12, 2020. Plaintiff cannot plausibly contend that he justifiably relied on any purported statement by Dollar General in making his purchase mere hours before he filed a 96-paragraph complaint.

were tax exempt on the date of his Dollar General purchase—demonstrated by the filing of this lawsuit—Plaintiff cannot plausibly allege justifiable reliance as required by the UTPCPL. Plaintiff's UTPCPL claims fail as alleged against Defendants on these grounds alone.

In addition, Plaintiff cannot establish four requisite elements of his UTPCPL claims.  First, he cannot establish that the ministerial act of collecting sales tax for the Commonwealth constitutes "trade or commerce" under the UTPCPL, as Defendants derive no profit from such act.  Second, Plaintiff has alleged no misrepresentation or deceptive act by Defendants; to the contrary, Plaintiff admits he was overtly charged sales tax and thereafter paid it.  Third, Plaintiff has not alleged how he justifiably relied on any alleged statement or conduct by Defendants.  Finally, Plaintiff has not—and cannot—allege any ascertainable loss when he could easily seek a refund of the tax from the Department of Revenue.

With respect to Plaintiff's PFCEUA claim, an individual cause of action for a purported violation of the PFCEUA can only be brought under the UTPCPL. This claim therefore fails for the same reasons as his UTPCPL claim.  Plaintiff's PFCEUA claim fails for the independent reason that Defendants' collection of the sales tax does not constitute a "debt" as defined by the PFCEUA.

Plaintiff's unjust enrichment claim also fails as a matter of law.  As Plaintiff admits, Defendants are licensed to collect sales tax on behalf of the Department of Revenue, and because they remit all that it is collected to the Department of Revenue, Defendants receive no benefit from the collection of sales tax.  Plaintiff's "misappropriation/conversion" claim fares no better. Plaintiff cannot state a claim for misappropriation or conversion where Plaintiff voluntarily paid the funds and the Defendants did not retain the funds for their own use.

For these reasons, and as explained below, this Court should dismiss Plaintiff's SAC with prejudice, because no further amendment could remedy the legal deficiencies of Plaintiff's claims.

## PROCEDURAL BACKGROUND

On November 12, 2020, Plaintiff commenced this putative class action against Defendants by filing a 96-paragraph complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, asserting claims under the UTPCPL, the PFCEUA, unjust enrichment, misappropriation/conversion, and a claim for injunctive relief. *See* Dkt. # 1. On February 11, 2021, Defendant Dollar General timely removed this matter to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Defendants filed a Joint Motion to Dismiss ("Initial Joint Motion to Dismiss") on March 12, 2021. *See* Dkt. ## 12, 13. On March 25, 2021, Plaintiff filed a motion for leave to amend his complaint "to address the issues raised" in the Initial Joint Motion to Dismiss—principally to include the dates on which Plaintiff purchased the face masks from the three named Defendants. *See* Dkt. # 18. Plaintiff's motion for leave to amend was granted by this Court. Dkt. #19.

On March 31, 2021, Plaintiff filed his First Amended Complaint to include the dates of purchase, which were conspicuously missing from the initial Complaint. *See* Dkt. # 21. During the parties' meet-and-confer regarding Defendants' Motion to Dismiss the First Amended Complaint, undersigned counsel advised Plaintiff's counsel that the date of purchase from Dollar General occurred after Plaintiff filed his initial complaint. On April 15, 2021, Plaintiff filed a Motion to File a SAC asserting that the purchase date for Dollar General alleged in the FAC was a typographical error. *See* Dkt. # 28. Plaintiff's Motion was granted by this Court on April 26, 2021, and Plaintiff filed the operative SAC on April 27, 2021. *See* Dkt. ## 34, 35.

## FACTUAL BACKGROUND

In late 2019, a novel coronavirus (now known as COVID-19) emerged in Wuhan, China, and began infecting humans across the globe, including the United States. *See* SAC ¶ 7, n.1;

4

Emergency Declaration (attached as Exhibit A).[2]   On March 6, 2020, reacting to the growing number of COVID-19 cases within the country, Pennsylvania Governor Tom Wolf declared a state of emergency in the Commonwealth ("Emergency Declaration").   *Id.*   Due to the pandemic, demand for face masks skyrocketed and retailers began selling cloth and disposable non-medical masks in their stores and on-line.

Plaintiff alleges that he bought one "protective face mask" from each Defendant after March 6, 2020, the date on which Governor Wolf declared a state of emergency.   Specifically, Plaintiff alleges that he purchased a single protective face mask from ALDI "[o]n or about October 21, 2020" for "$7.92," of which "$0.45" was collected "as a sales tax" on that purchase" and then, several weeks later, and on the ***same day*** he initiated this lawsuit, Plaintiff purchased a protective face mask from Dollar General "[o]n or about November 12, 2020" for "$6.36," of which "$0.36" was collected "as a sales tax" on that purchase.   *See* SAC ¶¶ 35-37, 47-49.   The dates of these purchases foreclose the possibility that Plaintiff relied on any purported misrepresentation by Defendants.

---

[2] It is well settled that a court may take judicial notice of public statements and documents available on public websites.   *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute" because it can "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Smith v. Lynn*, 809 F. App'x 115, 117 (3d Cir. 2020) ("[I]n deciding a motion to dismiss, a district court is permitted to review matters of public record."); *Geness v. Admin. Office of Pa. Courts*, 974 F.3d 263, 276 (3d Cir. 2020) (noting that "matters of public record" are subject to judicial notice (internal quotation marks and citation omitted)); *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) ("[T]hat information is publicly available on government websites and therefore we take judicial notice of it."); *Pension Ben. Guar. Corp.,* 998 F.2d at 1197 (stating that "letter decisions of government agencies" and "published reports of administrative bodies" are subject to judicial notice).   In addition, a court may also take judicial notice of other public documents, including press releases, *N.M. ex rel. Richardson v. BLM*, 565 F.3d 683, 719 n.48 (10th Cir. 2009). Lastly, the Court may examine any "documents incorporated into the complaint by reference" when ruling on a motion to dismiss.   *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

Other than including an allegation about the date of purchase, the SAC offers no details about the purchases at issue.[3]  The factual allegations are limited to four pieces of information: (1) date of purchase; (2) advertised sales price; (3) total amount charged; and (4) total amount of sales tax charged. Although Plaintiff offers the conclusory allegations that each Defendant made a "misrepresentation of the applicable sales tax," the SAC alleges no facts to plausibly establish that they made any representation to Plaintiff related to the taxability of the mask.  *See generally* SAC.

Indeed, the scant factual allegations demonstrate that despite knowing the pre-tax price of the mask before each purchase, and with respect to the Dollar General purchase having already prepared a 96-paragraph complaint alleging the protective face masks are nontaxable to be filed that very same day, Plaintiff still consummated the transaction and paid a sum higher than the advertised price, which he understood to be sales tax.  *See* SAC ¶¶ 35-37, 47-49.  Plaintiff nevertheless alleges he was "unlawfully charged" sales tax by each of the Defendants.  *Id.* Specifically, Plaintiff contends that "protective faces masks" or coverings are nontaxable because they constitute (1) "medical supplies" under 72 P.S. § 7204(18);[4] and (2) "clothing and accessories" under 72 P.S. § 7204(4).[5]  *Id.*, ¶¶ 8-15.

---

[3] Plaintiff attached receipts to the SAC which clearly indicate that the face masks purchased were not medical or surgical grade, as they are identified as "Beanie Boo Masks" and "CMAS Mask CHILD SANT" – which presumably is a child's Christmas mask with Santa on it.  *See* Dkt. # 35, Exhibits A-B.

[4] For the third time (and after being consistently informed of the error by Defendants), Plaintiff again incorrectly cites to 72 P.S. § 7204(18), which relates to "[t]he sale at retail or use of coal." Defendants presume Plaintiff intended to refer to 72 P.S. § 7204(17), which provides that tax shall not be imposed on "[t]he sale at retail or use of prescription or non-prescription medicines, drugs or medical supplies…." 72 P.S. § 7204 (17).

[5] Plaintiff ***again*** incorrectly cites to 72 P.S. § 7204(4), which relates to the sale of diapers, wipes, incontinence products, and other personal hygiene products despite being previously notified by Defendants of this mistake.  Defendants presume Plaintiff intended to refer to 72 P.S. § 7204(26), which provides that tax shall not be imposed on everyday clothing items.

Although the SAC acknowledges that non-medical masks and face coverings were historically subject to sales tax "as ornamental wear or clothing accessories," Plaintiff claims that Defendants, and other licensed retailers in Pennsylvania, "knew or should have known" that face masks or coverings are nontaxable during "Governor Wolf's declared state of emergency." *See* 72 P.S. § 7204 (26);   SAC ¶ 7, n.1, 13-15.  To support this allegation, Plaintiff cites to a "Q&A" response inconspicuously posted on the website of the Department of Revenue on <u>October 30, 2020</u> that stated:

> [F]ace masks (cloth and disposable) are exempt from Pennsylvania sales tax. Prior to the COVID-19 pandemic, masks sold at retail were typically subject to Pennsylvania sales tax. However, masks (both cloth and disposable) ***could now*** be considered everyday wear/clothing as they are part of the normal attire. Generally speaking, clothing is not subject to Pennsylvania sales tax.

SAC, ¶ 8, n.2 (emphasis added).[6]

On January 20, 2021, the Department of Revenue issued the Tax Bulletin, which set forth its position that "prior to COVID-19, non-medical face masks and face coverings were subject to sales tax…." *See Sales and Use Tax Bulletin 2021-01*, Pa. Dep't Rev., *available at* https://www.revenue.pa.gov/GeneralTaxInformation/TaxLawPoliciesBulletinsNotices/TaxBulletins/SUT/Documents/st_bulletin_2021-01.pdf ("January 20 Tax Bulletin") (attached as Exhibit C). The Tax Bulletin also stated that *as of October 30, 2020,* the day on which the "answer" was posted, "cloth and disposable non-medical masks and face coverings are exempt from sales and

---

[6]   *See also* Department of Revenue Answer ID 3748, available at https://revenue-pa.custhelp.com/app/answers/detail/aid/3748/~/masks-and-ventilators#:~:text=Are%20masks %20and%20ventilators%20subject,exempt%20from%20Pennsylvania%20sales%20tax. (October 30, 2020 Department of Revenue update) (attached as Exhibit B).  This was the first reference to *cloth* face masks in any Department or State guidance.   Notably, the Governor's March 6, 2020 proclamation and its later updates do not mention either the Department of Revenue or the tax treatment of non-medical face masks. *See* Exhibit A.  Defendants are precluded by other state and federal statutes from advertising their masks as medical equipment. *See, e.g.*, 21 C.F.R. § 814.80.

use tax as everyday wear or clothing." *Id.* Finally, the Tax Bulletin provided that "consumers who can certify to the department that a cloth or disposable non-medical mask or face covering was purchased and used as a means of protection against the virus can petition the department for a refund of any sales or use tax paid." *Id.* By issuing the Tax Bulletin, the Department of Revenue confirmed the existing statutorily provided process for taxpayers to petition for a refund of taxes improperly collected. *See* 72 P.S. § 7253.

Nowhere in the SAC does Plaintiff allege he has filed a petition with the Department of Revenue for a refund of the sales tax he contends Defendants improperly collected on behalf of the Commonwealth. Instead, Plaintiff opted to file several claims on behalf of a putative class, including claims under the UTPCPL, and is seeking, among other things, windfall damages of $100 *per transaction*, damages for "mental anguish," treble damages, and punitive damages. SAC ¶¶ 40-42, 52-54.

## **LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Kerr v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 5809989, at *2 (W.D. Pa. Nov. 6, 2018) (Horan, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] formulaic recitation of a cause of action's elements" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," i.e., they must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 555, 570. Although the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff, this does not include legal conclusions or any allegation of fact which contradicts facts that are judicially noticed. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *see also Sowemimo v. Thomas*,

2009 WL 3806737, at *3 (W.D. Pa. Nov. 13, 2009) (Lancaster, J.) (citing *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001)).  Because the SAC does not plausibly allege any claim for relief, this Court should dismiss it with prejudice in its entirety.

## ARGUMENT

**I.      Plaintiff Fails to State a Claim Under the UTPCPL.**

Plaintiff's allegations are insufficient to plead a claim under the UTPCPL on several grounds.  First, as a threshold matter, Defendants' alleged collection of sales tax cannot give rise to a UTPCPL claim because it does not constitute "trade or commerce" as defined under the statute. *See* 73 P.S. § 201-3(a).  Second, Plaintiff fails to allege sufficient facts to show that: (1) Defendants engaged in fraudulent, deceptive, or unfair conduct, (2) Plaintiff justifiably and reasonably relied on that alleged conduct, or (3) Plaintiff suffered an ascertainable loss as a result of his reliance. *See* 73 P.S. § 201-9.2.  Plaintiff's failure to sufficiently plead each element is fatal to his UTPCPL claim.  *See, e.g.*, *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227–28 (3d Cir. 2008), *as amended* (Nov. 6, 2008) (finding that plaintiff failed to state a UTPCPL claim where justifiable reliance was not adequately pled).

**A.      Collecting Sales Tax Does Not Constitute "Trade" or "Commerce" and Therefore Is Outside the Scope of the UTPCPL.**

Plaintiff has failed to allege any violation of the UTPCPL since the activities alleged—i.e., collecting sales tax—do not constitute "trade" or "commerce" as defined by the UTPCPL.  *See* 73 P.S. § 201-3(a) (emphasis added).  Because the UTPCPL was enacted to account for the "fundamental inequality between buyer and seller, and to protect consumers from exploitative merchants," it has been reasoned that "trade" or "commerce" is limited to commercial activity "in which the person engaged in that business is doing so for ***private profit*** which could motivate unfair or deceptive practices for ***private gain*** or, more accurately, private greed." *Meyer v. Cmty.*

9

*Coll. of Beaver Cty.*, 93 A.3d 806, 815-16 (Pa. 2014) (Castille, J., concurring) (emphasis added). Thus, a party is not engaged in the conduct of a trade or commerce, as defined under the UTPCPL, if the alleged conduct is unrelated and unmotivated by private profit or private gain. *See id.*; *see also*, *220 W. Rittenhouse Square Condo. Assoc. v. Stolker*, 2012 WL 1948515 (Pa.Com.Pl. May 15, 2012).

As discussed above, a Pennsylvania retailer collects sales tax as an *agent* of the Commonwealth because it is statutorily required to do so, and holds any collected funds in trust before promptly remitting them to the Commonwealth. *See* 72 P.S. §§ 7214 (a)(2)-(4), 7225, 7237(b)(1); *see also Aldine Apartments, Inc. v. Commonwealth, Dep't of Revenue*, 379 A.2d 333, 336 (Pa. Commw. Ct. 1977) (holding that the utility companies alleged to have improperly collected sales tax were "*merely collecting agents* and, legally, [could] play no role in the refund of these taxes" (emphasis added)). There is no threat to the public from "exploitative merchants" collecting sales tax since there is no economic benefit to merchants collecting more tax than statutorily required—and, in fact, retailers are encouraged to charge the least amount of tax possible. As one district court posited, "it makes absolutely no sense for [a] Store to charge a higher [tax] rate than it legitimately thinks it is required to charge because it is *not* in its economic interest to do so." *Bartolotta v. Dunkin' Brands Grp., Inc.*, 2016 U.S. Dist. LEXIS 168125, at *26–27 (N.D. Ill. Dec. 6, 2016) (emphasis added).

The highest courts in Massachusetts and Connecticut have held that the collection of sales tax is *not* commercial activity within the scope of their states' consumer protection statutes, both which are substantively identical to the UTPCPL. *See Feeney v. Dell*, 908 N.E.2d 753 (Mass. 2009); *Blass v. Rite Aid of Connecticut, Inc.*, 16 A.3d 855, 857 (Conn. 2009). For example, in *Feeney*, the plaintiffs brought a class action against a retailer-defendant for allegedly violating the

10

Massachusetts consumer protection law by charging sales tax on optional service contracts when no sales tax was required. 908 N.E.2d at 757. The Supreme Judicial Court of Massachusetts dismissed the claims because the "collection of such tax was not motivated by 'business or personal reasons' but was pursuant to legislative mandate" and was not "commercial" activity according to the statute. *Id.* at 770–71. The court also explained that when a "party's actions are motivated by legislative mandate, not business or personal reasons … [the consumer protection law] does not apply." *Id.*

Similarly, in *Blass*, the Supreme Court of Connecticut held that, even if the retailer had collected tax in error, a claim brought under the Connecticut Unfair Trade Practices Act ("CUTPA") must be dismissed because "that law seeks to protect consumers from 'deceptive acts or practices in the conduct of any trade or commerce,'" and "[t]he mis-collection of taxes, whether negligent or intentional, does not constitute an unfair or deceptive act or practice in the conduct of any trade or commerce under the language of CUTPA." 16 A.3d at 857. The court reasoned that the defendant's conduct could not have been an unfair or deceptive act because "[a] ***retailer gains no personal benefit*** from the over collection of taxes. In fact, such activity only increases the retailer's prices, working against its economic interest." *Id.* at 863 (emphasis added). Lastly, the court reasoned that the defendant's conduct did not occur in "trade" or "commerce" because "when it collected the plaintiff's money for taxes, it did so as an agent of the State." *Id.* (citations omitted).

Here too, Plaintiff's UTPCPL claims are fundamentally at odds with the Pennsylvania Tax Reform Code ("Tax Code"). The Department of Revenue has the exclusive authority to enforce the Tax Code, 72 P.S. § 7270(a), and is tasked with effecting the statutory process for refunding overpaid sales tax. *See id.* § 7252. Plaintiff's claims are essentially an attempt at a private enforcement action, which if allowed, would usurp the exclusive authority of the Department of

11

Revenue and undermine the Tax Code. *See* 72 P.S. §§ 7252, 7253(a). Plaintiff's proposed application would inappropriately expand the UTPCPL's reach well beyond what the General Assembly intended, and should be rejected. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879 (3d Cir. 2020). Instead, this Court should adopt and apply the sound reasoning espoused in *Feeney* and *Blass* to the UTPCPL, and dismiss Plaintiff's UTPCPL claims with prejudice.

### B. Plaintiff's Conclusory Allegations Are Insufficient to Allege a UTPCPL Claim against Defendants.

Even if the collection of sales tax constitutes "trade" or "commerce" as defined in the UTPCPL, which it does not, Plaintiff's claim fails because his allegations are inadequate to state a cognizable claim under the statute. Under the UTPCPL, a plaintiff must demonstrate, *inter alia*, three indispensable elements: (1) a misrepresentation, false statement or other deceptive conduct by the defendant; (2) justifiable reliance by the plaintiff; and (3) an ascertainable loss caused by the reliance. *See Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (citing *Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 446 (Pa. 2001)). Plaintiff fails to plead sufficient facts to establish any of these required elements of his UTPCPL claim.

#### 1. Plaintiff has failed to allege that Defendants engaged in fraudulent, deceptive, or unfair conduct.

Plaintiff asserts that Defendants violated four subsections of the UTPCPL when they allegedly charged him sales tax for a protective face mask purchased during the COVID-19 state of emergency: (1) **subsection (iii)**, which prohibits any act that causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; (2) **subsection (v)**, which prohibits retailers from "[*r*]*epresenting* that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have"; (3) **subsection (ix)**, which prohibits "[a]dvertising goods or services with intent not to sell them

as advertised"; and (4) **subsection (xxi)**, the expansive catch-all provision, which prohibits, "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4); SAC, ¶¶ 38(a)-(e), 50(a)-(e).  As discussed below, these subsections are either inapplicable or unsupported by Plaintiff's factual allegations.

### i.   Subsection (iii).

With respect to §§ 201-2(4)(iii), Plaintiff asserts that ALDI and Dollar General somehow "caused a likelihood of confusion or of misunderstanding as to its affiliation, connection or association with, or certification" by the Department of Revenue, but fails to allege any supporting facts.  *See* SAC, ¶¶ 38(a), 50(a).  Indeed, as discussed below, the SAC fails to allege that Defendants made *any representation* to Plaintiff at all—let alone representations concerning the Department of Revenue—that could conceivably create a misunderstanding or confusion. Plaintiff's assertions are limited to conclusory allegations parroting the statutory standards. Likewise, Plaintiffs do not allege their justifiable reliance on any such association or causation with respect to damages as required for an UTPCPL claim.  *See Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 467-68 (E.D. Pa. 2009) (holding that justifiable reliance and causation are "elements essential to any UTPCPL claim").

### ii.   Subsection (v).

Despite asserting various violations of subsection (v), Plaintiff fails to allege that Defendants made any "representation" relating to the "sponsorship, approval, characteristics, ingredients, uses, benefits or quantities" of the protective face mask before his purchases. Plaintiff's *only* factual allegations relating to his purchases are the respective advertised price, the amount charged, and the amount collected as a sales tax.  *See* SAC ¶¶ 35-37, 47-49.  Moreover, Plaintiff affirmatively alleged that Defendants plainly disclosed the actual pre-tax price of non-medical protective face masks and the actual amount of sales tax collected in connection with each

transaction—neither of which are alleged to be inaccurate or misleading.  Subsection (v) seeks to provide a remedy to persons who bought a good or a product based on false representations about the sponsorship, characteristics or quality of the good or product.  Not only has Plaintiff not alleged this type of harm in the SAC, his allegations are wholly inconsistent with any assertion that Defendants made any misrepresentation about the protective face mask.

### iii.   Subsection (ix).

Unlike subsection (v), both Pennsylvania state and federal courts have determined that subsection (ix) *is limited* to "claims of false advertising."  *Seldon*, 647 F. Supp. 2d at 466 (collecting cases); *see also Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1028 (Pa. 2018) (acknowledging a distinction between subsection [ix] that explicitly uses [and is meant to address] the term "advertising" rather than other subsections that "describe prohibited conduct in other, more general, terms.").  Moreover, numerous courts have further limited subsection (ix)'s applicability to "bait and switch" practices where a customer is lured by claims of low prices or sales only to be induced to purchase different, higher priced goods—a scenario that is inapplicable here.  *See Wilson v. Parisi*, 549 F. Supp. 2d 637, 669 (M.D. Pa. 2008).  Further, to assert a claim under (ix), Plaintiff must allege that Defendants intentionally engaged in false advertising.  *See Karlsson v. F.D.I.C.*, 942 F. Supp. 1022, 1023 (E.D. Pa. 1996), *aff'd*, 107 F.3d 862 (3d Cir. 1997).  Plaintiff's SAC does not allege that Defendants advertised the masks as non-taxable, let alone that they intended to falsely advertise them as non-taxable and then subsequently tax them.  As a result, this Court should dismiss Plaintiff's subsection (ix) UTPCPL claim with prejudice.

### iv.   Subsection (xxi).

Lastly, Plaintiff relies on subsection (xxi), known as the "catchall provision" of the UTPCPL, which prohibits "fraudulent or deceptive conduct which creates a likelihood of

confusion or misunderstanding." *See* SAC ¶¶ 38(e), 50(e).   To establish a claim under the catchall provision, a plaintiff can make a claim for fraud, which requires a plaintiff to establish: (1) a misrepresentation, (2) material to the transaction at issue, (3) made falsely, with either knowledge or reckless disregard of its falsity, (4) inducing justifiable reliance, and (5) and injury caused by the reliance. *Bennet v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. 2012).   As an alternative to fraudulent conduct, a plaintiff may bring a claim under this provision by merely asserting the defendant's conduct was deceptive without having to satisfy every element of common law fraud. *Id.* at 151.   The Pennsylvania Supreme Court has held that an act may be considered unfair or deceptive under the UTPCPL if it "has the capacity or tendency to deceive." *Golden Gate*, 194 A.3d at 1023.

Plaintiff has not alleged sufficient facts to state a claim that Defendants acted fraudulently *or* deceptively.   Plaintiff's sparse factual allegations in the SAC fail to establish each of the essential elements required to state a claim for fraud.   Simply asserting that fraudulent conduct occurred, without also alleging facts supporting the purported fraud cannot state a claim under this catchall provision. *See, e.g.*, *Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 512 (E.D. Pa. 2009) ("Plaintiffs cannot adequately plead that [defendant] violated the UTPCPL simply by pasting the language of the statute into their [] Complaint.").

Plaintiff's conclusory allegations fail to show that Defendants' conduct was deceptive— i.e., "one that is likely to deceive a consumer acting reasonably under similar circumstances." *Kerr*, 2018 WL 5809989, at *5 (W.D. Pa. Nov. 6, 2018).   As discussed above, the only representations made by Defendants to Plaintiff, if any were made at all, were accurate statements concerning the price and tax charged for the non-medical protective mask. *See* SAC ¶¶ 35-37, 47-49.   Indeed, Plaintiff alleges he purchased a protective face mask from ALDI on October 21, 2020,

or *nine days before* the Department of Revenue posted an "answer" regarding the exemption of cloth face masks from sales tax.  Thus, by Plaintiff's own allegations in the SAC, ALDI's collection of sales tax on his protective face mask purchase was lawful and could not be deceptive. Because no reasonable consumer could be deceived by Defendants' truthful and accurate representations regarding the price and tax charged on the masks, Plaintiff's claim should be dismissed.  *See Pfendler v. PNC Bank*, 765 F. App'x 858, 861 (3d Cir. 2019) (affirming dismissal of UTPCPL claim for failure to plead facts showing conduct likely to confuse or mislead).

### 2. *Plaintiff has failed to allege any facts to establish his justifiable reliance on Defendants' alleged representations.*

Even if Plaintiff adequately pled that Defendants engaged in deceptive or unfair conduct, Plaintiff's UTPCPL claim still fails because he has not sufficiently alleged justifiable reliance.  *See Hunt*, 538 F.3d at 227.  To bring a private cause of action under the UTPCPL, a plaintiff must affirmatively allege facts showing that he "justifiably relied on the defendant's wrongful conduct or representation."  *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). Because he is a "private plaintiff who has no standing to bring actions in the public interest," Plaintiff must prove "that *he was actually deceived* and the [alleged deceptive conduct] actually influenced *his purchasing decision*."  *Weinberg*, 777 A.2d at 445 (emph. added); *see also Hunt*, 538 F.3d at 222 (same).  Put simply, Plaintiff must allege facts demonstrating how his conduct would have changed had he known the "truth."  *Seldon*, 647 F. Supp. 2d at 470.

For this reason, Plaintiff's UTPCPL claim against Dollar General is particularly deficient. As demonstrated on the receipt attached to the SAC, Plaintiff purchased three masks from Dollar General at 3:27 p.m. on November 12, 2020, just five hours before he filed his 96-paragraph initial complaint alleging face masks were nontaxable and asserting UTPCPL claims against Dollar General.  *See* SAC ¶ 48; Dkt. # 1.  As such, Plaintiff cannot credibly claim that he was actually

16

deceived at the time of his November 12th purchase from Dollar General.  Given the timing of Plaintiff's purchase of the Dollar General protective face masks on November 12, 2020 — and questionable basis in bringing this action and candor with the court — Plaintiff cannot plausibly contend that he justifiably relied on any purported statement by Dollar General in making his purchase.  Since Plaintiff is unable to demonstrate that he justifiably relied on representations made by Dollar General, his UTPCPL claims against Dollar General should be dismissed with prejudice.

Separate from these failings, Plaintiff has failed to demonstrate justifiable reliance as to either Defendant.  In the SAC, Plaintiff has only advanced a single, conclusory allegation for each Defendant asserting that he "justifiably relied upon Defendants' fraudulent and deceptive conduct to his financial detriment."  SAC ¶¶ 39, 51.  This Court should disregard Plaintiff's generalized boilerplate language under the plausibility pleading standard set forth in *Twombly* and *Iqbal*.  *See Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Plaintiff must allege *some facts* "from which plausible inferences" of "justifiable reliance can be drawn."  *Kemezis v. Matthews*, 394 F. App'x 956, 959 (3d Cir. 2010); *see also, In re Rutter's Inc. Data Sec. Breach Litig.*, 2021 WL 29054, at *20 (M.D. Pa. Jan. 5, 2021) (dismissing UTPCPL claim for failure to allege any facts to support justifiable reliance other than a single conclusory allegation); *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 363 (E.D. Pa. 2015) ("Plaintiffs have failed to assert facts that, if true, would demonstrate justifiable reliance on Defendants' conduct that resulted in ascertainable loss.").  He has not.

Plaintiff's conclusory allegations also fail to explain *how* the alleged deceptive conduct "was material to [his] purchasing decision."  *Hunt*, 538 F.3d at 228.  In other words, there are no facts in the SAC demonstrating that Plaintiff would have acted differently had he understood that sales tax would be added to the purchase price.  And, as his purchase from Dollar General mere

hours before filing his 96-paragraph complaint – a complaint alleging protective face masks were nontaxable – establishes, clearly he did not.  *See Glover v. Udren*, 2014 WL 4348078, at *24 (W.D. Pa. Sept. 2, 2014) (Ambrose, J.), *aff'd sub nom.  Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331 (3d Cir. 2015) ("Plaintiff has failed to show justifiable reliance, i.e., how the allegedly illegal fees charged … would have altered her decision.").  Plaintiff does not allege that the charge for sales tax was concealed from him when he consummated the purchase.  Based on his own allegations, Plaintiff knew or should have known that he was charged sales tax on his non-medical protective mask purchase **during** the transaction, but completed the transaction anyway.[7]  *See Emery v. Third Nat. Bank of Pittsburgh*, 162 A. 281, 284 (Pa. 1932) ("If a man knows the truth about a representation, he is neither deceived nor defrauded, and any loss he may sustain is in effect self-inflicted."); SAC ¶¶ 35-37, 47-49.

Because Plaintiff does not, and cannot, allege that he relied on any representations or allegedly deceptive conduct by Defendants when he purchased non-medical protective face masks, his UTPCPL claims fail.[8]  *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d

---

[7] At least one court has determined that equal availability of information precludes a plaintiff's justifiable reliance.  *See McIntosh v. Walgreens Boots All., Inc.*, 135 N.E.3d 73, 85 (Ill. 2019) ("[P]laintiff had the ability to investigate the ordinance to determine if the bottled water tax applied to his purchases of carbonated or flavored water.  He has not alleged that [the defendant] had superior access to the information … or that he could not have discovered what the ordinance required through the exercise of ordinary prudence. . . . Therefore, the alleged misrepresentation asserted by [the plaintiff] cannot form the basis of a claim for statutory consumer fraud.").  Here, Plaintiff's own allegations establish not that Pennsylvania sales tax information was equally available to the public on the Department of Revenue's website.  *See* SAC ¶¶ 10-11.

[8] Another independent ground for dismissal is the voluntary payment doctrine, which provides that "when 'one voluntarily and without fraud or duress pays money to another with full knowledge of the facts, the money paid cannot be recovered.'" *Abrevaya v. VW Credit Leasing, LTD.,* 2009 WL 8466868, at *2 (E.D. Pa. Jul. 22, 2009) (quoting *Acme Markets, Inc. v. Valley View Shopping Ctr., Inc.,* 493 A.2d 736, 737 (Pa. Super. 1985)).  The Pennsylvania Supreme Court has repeatedly held that the voluntary payment doctrine bars recovery of tax payments unless specifically authorized by statute.  *See, e.g.*, *Universal Film Exchs., Inc. v. Bd. of Fin. & Revenue*, 185 A.2d 542, 544–45

Cir. 2012) ("Because justifiable reliance is a necessary element for standing under the UTPCPL's private-plaintiff standing provision, and reliance cannot be presumed, . . . the District Court did not err in dismissing [the UTPCPL claim]." (cit. omitted)).

### 3. *Plaintiff has failed to allege that he suffered any ascertainable loss.*

Lastly, Plaintiff's UTPCPL claim fails because there is no ascertainable loss as a result of Defendants' alleged conduct. *See Corsale v. Sperian Energy Corp.*, 412 F. Supp. 3d 556, 566 (W.D. Pa. 2019) (Horan, J.). Even if Plaintiff is correct, and he was wrongly charged sales tax by Defendants (which Defendants dispute), he will be able to recoup the $0.81 paid as sales tax through the Department of Revenue's *refund process*. *See* 72 P.S. §§ 7252–53; *Lilian v. Commonwealth*, 354 A.2d 250, 252 (Pa. 1976) (explaining the statutory process that "provide[s] for the refunding of improperly assessed or paid sales taxes, and set[s] forth the procedure whereby such refunds may be obtained"); *see also* Exhibit C (Jan. 20, 2021 Tax Bulletin). Because Plaintiff *chose* not to seek a full refund of what he claims to be due; he cannot rely on this voluntary, manufactured "loss" to support his claim for statutory (and other) damages. For this reason alone, his claims fail as a matter of law. *Singh v. Wal-Mart Stores, Inc.*, 1999 WL 374184, at *10 (E.D. Pa. June 10, 1999), *aff'd*, 225 F.3d 650 (3d Cir. 2000) (holding that plaintiff did not suffer an ascertainable economic loss under the UTPCPL where he declined a full refund). Because Plaintiff

---

(Pa. 1962) ("If payment of taxes is voluntary, even though the taxing statute is later held unconstitutional, the money paid cannot be recovered in the absence of statutory authorization." (collecting cases)). Here, Plaintiff alleges that he voluntarily purchased non-medical protective face masks with full knowledge of the relevant facts, including the purchase price and the amount of sales tax. *See* FAC ¶¶ 36-38, 48-50. Even if the sales tax was collected in error (which Defendants dispute), Plaintiff's claim is barred by the voluntary payment doctrine and should be dismissed. *See Williams v. Enter. Holdings, Inc.*, 2013 WL 1158508, at *2 (E.D. Pa. Mar. 20, 2013) ("[A] mistaken belief that one is legally required to pay the debt is insufficient to overcome the doctrine, as the doctrine accounts for mistakes of fact and law.").

can obtain full reimbursement of the sales tax paid from the Department, as confirmed by the Tax Bulletin, his UTPCPL claim should be dismissed with prejudice.

## II.    Plaintiff's PFCEUA Claim Fails as a Matter of Law.

Courts have long recognized that the PFCEUA does not provide individuals with a private right of action, and individuals must use the remedial provision of the UTPCPL, 73 P.S. § 201-9.2, to obtain relief.  *See Humphreys v. Budget Rent A Car Sys. Inc.*, 2017 WL 6497285, at *9 (E.D. Pa. Dec. 19, 2017); *Hall v. Equifax Information Services, LLC*, 204 F. Supp. 3d 807, 810 (E.D. Pa. 2016).  The enforcement provision of the PFCEUA states, "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of [Pennsylvania's UTPCPL]." 73 P.S. § 2270.5(a).  Consequently, to plead a cause of action under the PFCEUA, plaintiff must be able to state a claim under the UTPCPL. *Prukala v. Chase Bank, N.A.*, 2020 WL 5351042, at *3 (M.D. Pa. Sept. 4, 2020).  Plaintiff has not pled a cognizable claim for relief under the UTPCPL and, based on this reason alone, this Court should dismiss Plaintiff's PFCEUA claim with prejudice.

Plaintiff's PFCEUA claim also fails for the independent reason that Defendants' collection of a sales tax at the time of purchase is not the collection of a "debt," as defined by the statute. Specifically, the PFCEUA defines a "debt" as "[a]n actual or alleged ***past due*** obligation, claim, demand, note or other similar liability of a consumer. . . ."  73 P.S. § 2270.3 (emphasis added).  In other words, the statute applies only to prohibit certain collection activities on obligations that are in default.  73 P.S. § 2270.4(5) (a "creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt").  Plaintiff's claim that the PFCEUA prohibits the collection of a sales tax at the point of sale, before such obligation could be in default, conflicts with the plain language and purpose of the statute and unsupported by any

relevant authority.  For these reasons, Plaintiff's PFCEUA claim fails and should be dismissed with prejudice.

## III.    Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law.

Under Pennsylvania law, to establish a claim of unjust enrichment a plaintiff must allege facts demonstrating that: (1) a benefit was conferred on the defendant by plaintiff; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit.  *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005); *see also, Torchia v. Torchia*, 499 A.2d 581, 582 (Pa. Super. Ct. 1985) ("[t]o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." (int. quot. omitted)).  Ultimately, the key principle of any unjust enrichment inquiry is "whether the defendant has been unjustly enriched; the intent of the parties is irrelevant." *Limbach v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006).

Here, Plaintiff does not allege (nor could he) that paying sales tax to Defendants somehow conferred a benefit on Defendants, nor does he allege that Defendants retained the sales tax he paid on his purchase.  As Plaintiff admits, retailers are licensed by the Department of Revenue and are legally required to remit all collected sales taxes to the Department.  *See* SAC ¶ 9; *see also* 61 Pa. Code §§ 34.2(d), 35.2; 72 P.S. §§ 7202(a), 7217(a)(2)–(4), 7221, 7222(a), 7225.  Plaintiff does not allege that Defendants violated this requirement.  Because there was no retention of a conferred benefit, Plaintiff has failed to assert a legally cognizable claim for unjust enrichment.

## IV.    Plaintiff's Claim for Misappropriation/Conversion Fails as a Matter of Law.

Under Pennsylvania law, conversion is a tort arising from the "deprivation of another's right of property in, or use or possession of a chattel, or other interference therewith, without the

owner's consent and without justification." *Stevenson v. Econ. Bank of Ambridge*, 197 A.2d 721, 726 (Pa. 1964) (cit. omitted).   Money may be the subject of conversion, but only "where the plaintiff had a property interest in the money at the time of the alleged conversion." *Wen v. Willis*, 117 F. Supp. 3d 673, 684 (E.D. Pa. 2015) (cit. omitted).   Plaintiff fails to state a legally sufficient claim on two grounds.

First, the deprivation of possession, on its own, does not give rise to a claim of conversion; instead, there must be an "actual appropriation of the property by the offending party for his own use." *Win & Son, Inc. v. City of Philadelphia*, 178 F. Supp. 3d 234, 242 (E.D. Pa. 2016).   Plaintiff does not allege that Defendants kept the sales tax for their own use.   To the contrary, Defendants collect the tax as an agent of the Department of Revenue.   Second, the deprivation of the property must be involuntary and contrary to the owner's present ownership.   If a plaintiff pays the offending party money voluntarily—even if the offending party had no legal right to collect such payment—there can be no conversion.   *See Thomas v. Philadelphia Hous. Auth.*, 2011 WL 2415157, at *9 (E.D. Pa. June 15, 2011); *Lawn v. Enhanced Serv. Billing, Inc.*, 2010 WL 2773377, at *3 (E.D. Pa. July 13, 2010).   In *Lawn*, the court explained that voluntary payment is a complete defense to the tort of conversion:

> We understand that Plaintiff alleges fraudulent and misleading behavior on the part of Defendants, but these allegations do not negate the fact that Plaintiff consented to the transfer of the chattel. Even though Plaintiff may have lacked complete knowledge of to whom the money was ultimately going, the fact that the money was parted with willingly prevents Defendant's actions from being classified as conversion. Plaintiff's claim for conversion, therefore, fails, and must be dismissed.

2010 WL 2773377, at *3.

Accordingly, not only has Plaintiff failed to allege that Defendants appropriated the sales tax for their own use, but his completion of the transaction and voluntary payment of that sales tax

precludes any cause of action for conversion.  This Court should dismiss Plaintiff's claim with prejudice.

**V.     Even if One of Plaintiff's Claims Were to Survive Dismissal, All of Plaintiff's Claims for Punitive Damages Must Be Stricken.**

In Pennsylvania, the standard for awarding punitive damages is set out in section 908 of the Restatement (Second) of Torts, which permits an award of punitive damages "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  In evaluating a request for punitive damages, "one must look to the act itself, together with all the circumstances, including the motive of the wrongdoers and the relations between the parties."  *Id.* (quoting *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963)). Punitive damages "are awarded only for outrageous conduct, that is, for acts done with bad motive or with a reckless indifference to the interests of others."  *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. 1980).

Even if one of Plaintiff's Counts survives this Motion—which it should not—Plaintiff offers no facts to support any claim for punitive damages.  Instead, he simply regurgitates the statutory language: "[Defendants'] actions were willful, wanton, oppressive, outrageous and intentional." [9]  SAC ¶¶ 42, 54. This "threadbare recital" of the elements for punitive damages, unaccompanied by any supporting factual content, cannot withstand a motion to dismiss. *See Salvio v. Amgen Inc.*, 2012 WL 517446 (W.D. Pa. Feb. 15, 2012) (McVerry, J.) (Plaintiff failed to allege any conduct that would rise to the level of seriousness necessary for

---

[9] Plaintiff further alleges, without any factual support, that Defendants "deliberately disregarded the Department of Revenue's directive and chose to collect sales tax on masks." SAC ¶¶ 42, 54. Defendants have no incentive to collect more sales tax than is required by Pennsylvania law, and instead have an incentive to keep their prices as low as possible.  Not only do Plaintiff's allegations lack factual support, they also lack rational thought.

imposing punitive damages and to satisfy the pleading standard.); s*ee also  Allegrino v. Conway E&S, Inc.*, 2010 WL 3943939, at *11 (W.D. Pa. Oct. 6, 2010) (Fischer, J.) (dismissing punitive damages claim  where  "the  factual allegations proffered  in  support  of [plaintiff's] assertions of 'reckless and careless' conduct and 'evil intent and motive' were not sufficient to support a claim for punitive damages.").

Because  the  SAC  has  no  factual allegations which,  even  if  true,  would  establish  his entitlement to punitive damages, Plaintiff's claim for punitive damages should be dismissed with prejudice.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants Dollar General, Inc. and ALDI, Inc. respectfully request that their Joint Motion to Dismiss be granted and Plaintiff's SAC be dismissed with prejudice.

Dated: May 12, 2021     Respectfully submitted,

/s/ Courtney S. Schorr     /s/ Craig D. Mills
Gerald J. Stubenhofer, Jr. (PA 72921)  Craig D. Mills (PA 81331)
Courtney S. Schorr (PA 317370)   Samantha L. Southall (PA 80709 )
McGuireWoods LLP     Buchanan Ingersoll & Rooney
260 Forbes Avenue, Suite 1800   Two Liberty Place
Pittsburgh, Pennsylvania 15222-3142  50 S. 16th Street, Suite 3200
Telephone: 412-667-6000    Philadelphia, PA 19102
gstubenhofer@mcguirewoods.com  Telephone: 215-665-8700
cschorr@mcguirewoods.com    craig.mills@bipc.com
           samantha.southall@bipc.com

Bethany G. Lukitsch     Bridget J. Daley (PA 316117)
(admitted *pro hac vice*)     Buchanan Ingersoll & Rooney
McGuireWoods LLP     Union Trust Building
355 S. Grand Ave., Suite 4200   501 Grant Street, Suite 200
Los Angeles, CA 90071    Pittsburgh, PA 15219
Telephone 213-457-9875    Telephone: 412-562-1041
blukitsch@mcguirewoods.com   bridget.daley@bipc.com

*Counsel for Defendant Dollar General, Inc.* *Counsel for Defendant Aldi, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2021, a true and correct copy of the foregoing document was filed using the CM/ECF system, which will send notification of such filing to all current counsel of record.

<u>/s/ Courtney S. Schorr</u>
Courtney S. Schorr
MCGUIREWOODS LLP
*Counsel for Dollar General, Inc.*

26