IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOSHUA JAMES, | ) |
| | ) |
| | ) 2:21-CV-00209-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALDI, INC., DOLLAR GENERAL, | ) |
| | ) |

Defendants,

OPINION

Plaintiff, Joshua James, individually and on behalf of all others similarly situated, brings Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1, *et seq*., the Pennsylvania Fair Credit Extension Uniformity Act (PFCEU), 73 P.S. § 227, *et seq*, Unjust Enrichment, and Misappropriation/Conversion claims against Defendants, Aldi, Inc. and Dollar General Corporation, alleging that Defendants charged sales tax on otherwise exempt protective face masks. (ECF No. 35). Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 37-38). The matter is now ripe for consideration.

Upon consideration of Plaintiff's Second Amended Complaint (ECF No. 35), Defendants' Motion to Dismiss (ECF No. 37), the respective briefs and responses of the parties (ECF Nos. 38, 41-43), and for the following reasons, Defendants' Motion to Dismiss will be granted.

I. Background

The facts in this matter are simple and straightforward. (ECF No. 35). Mr. James avers in this putative class action, that Defendants violated the UTPCPL when they collected from

Plaintiff amounts equal to and purporting to be Pennsylvania sales tax on the sale of protective face masks, when they were not subject to Pennsylvania sales tax. *Id*. at ¶¶ 31- 54.

Mr. James avers that retailers cannot collect sales tax on protective face masks or coverings because they are nontaxable as "medical supplies" and/or "clothing and accessories." *Id*. at ¶¶ 7-8; see 72 P.S. § 7204(4), (18). Mr. James alleges that he and the putative class members bought masks from each of the Defendants, who collected sales tax on the same during a period after March 6, 2020. *Id*. at ¶ 46-17. Mr. James avers that, under the UTPCPL, protective face masks are goods purchased for personal, family, and/or household use, and Defendants' conduct, as described, is trade or commerce. *Id*. at ¶¶ 33-34, 45-46. Mr. James also avers that Defendants' conduct violated the PFCEUA, constituted unjust enrichment, and/or constituted misappropriation/conversion. Id. at ¶¶ 55-73.

In their Motion to Dismiss, Defendants argue that 1) Plaintiff cannot state claims under the UTPCPL because a.) Collecting Sales Tax Is Not "Trade or Commerce"; b.) Plaintiff has not alleged any facts to show that Defendants engaged in fraudulent, unfair, or deceptive conduct; c.) Plaintiff has not alleged justifiable reliance on Defendants' Representations; and d.) Plaintiff have not suffered an ascertainable loss. (ECF No. 38). Further, Defendants contend that Plaintiff's PFCEUA, Unjust Enrichment, and Misappropriation claims fail as matter of law. *Id*. Finally, Defendants argue that all claims for punitive damages should be stricken. *Id*.

II. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer

evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III. Discussion

A. UTPCPL Claim

This Court addressed Defendants' arguments regarding a UTPCPL claim under the same factual scenario in *McLean v. Big Lots Inc.*, 2:20-CV-02000-MJH, 2021 WL 2317417, at *4 (W.D. Pa. June 7, 2021). This Court incorporates its analysis in *McLean* and will likewise hold: 1.) the collecting of sales tax would appear to not fit the definition of "trade or commerce" under the UTPCPL. Thus, without conduct that falls within trade or commerce, Mr. James's Second Amended Complaint cannot support a claim under the UTPCPL; 2.) Even if the Court held that the UTPCPL applied, Defendants did not engage in fraudulent, unfair, or deceptive conduct; 3.) Mr. James cannot demonstrate justifiable reliance, an essential causation element under the UTPCPL; and 4.) Because Mr. James did not sustain an ascertainable loss, he cannot state a claim under the UTPCPL.

Accordingly, Defendants' Motion to Dismiss, as regards Mr. James's UTPCPL claims (Counts I and II), will be granted.

B. PFCEUA Claim

Defendants next argue that Mr. James may not maintain a claim under the PFCEUA because the statute does not provide individuals with a private right of action, and because individuals must seek remediation under the PFCEUA through the UTPCPL. Therefore, Defendants contend that, because Mr. James's UTPCPL claim fails for the reasons outlined above, his PFCEUA must fail as well. Defendants also argue that Mr. James's PFCEUA claim would likewise fail because the collection of a sales tax at the time of purchase is not the collection of a "debt," as defined by the PFCEUA.

Mr. James agrees that a PFCEUA claim requires that he that he must aver a violation under the PFCEUA and also meet the elements to support a UTPCPL claim. With regard to a relevant portion of the PFCEUA, Mr. James argues that he became "indebted" to Defendants during each face mask transaction. Defendants respond that Mr. James ignores the plain statutory language of the PFCEUA and that he cites no relevant authority for the proposition that the PFCEUA applies to all retail sales.

Because the PFCEUA is "enforced through the remedial provision of the UTPCPL," a plaintiff "cannot state a claim for relief under the [PFCEUA] if he cannot state a claim for relief under the UTPCPL." *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 182 (3d Cir. 2015). "In other words, if a plaintiff's UTPCPL claim fails, his [PFCEUA] claim fails as well." *Broadhurst v. CitiMortgage, Inc.*, 838 Fed.Appx. 671, 675 (3d Cir. 2020).

Here, the Court has already outlined why Mr. James's UTPCPL claim fails both because Defendants' conduct does not fall within the scope of that statute and because Mr. James

otherwise fails to meet the elements necessary to maintain a UTPCPL claim. Therefore, without the ability to maintain an UTPCPL claim, Mr. James's PFCEUA similarly fails. Moreover, even if Mr. James had a cognizable UTPCPL claim, his claim that Defendants engaged in an unfair or deceptive debt collection act or practice under the PFCEUA remains dubious. The PFCEUA defines a "debt" as "[a]n actual or alleged **past due** obligation, claim, demand, note or other similar liability of a consumer…." 73 P.S. § 2270.3 (emphasis added). The Second Amended Complaint does not reference or allege a past due obligation that Mr. James and the putative class owed as a result of a point of sale purchase of protective face masks. Mr. James also cites to no authority that the PFCEUA covers a sales tax collection at the point of sale. Therefore, the PFCEUA would not apply under the instant facts.

Accordingly, Defendants' Motion to Dismiss, as regards the PFCEUA claim (Count III), will be granted.

C. Unjust Enrichment

Defendants next argue that Mr. James's Unjust Enrichment claim fails as a matter of law. Specifically, they contend that the payment of sales tax did not confer a benefit to them because the Second Amended Complaint fails to allege that Defendants retained said sales tax. Mr. James contends that Defendants received the benefit of maximizing fees and/or profits. Defendants respond that Mr. James has pleaded no facts to support a plausible theory that Defendants profited from the collection of sales tax. Defendants also maintain that Mr. James theory is contradicted by the statutory tax system in Pennsylvania.

Under Pennsylvania law, to establish a claim of unjust enrichment a plaintiff must allege facts demonstrating that: (1) a benefit was conferred on the defendant by plaintiff; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the

6

benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. *See Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005); see also, *Torchia v. Torchia*, 499 A.2d 581, 582 (Pa. Super. Ct. 1985) ("[t]o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." Ultimately, the key principle of any unjust enrichment inquiry is "whether the defendant has been unjustly enriched; the intent of the parties is irrelevant." *Limbach v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006).

Here, Mr. James does not allege that paying sales tax to Defendants conferred a benefit to them. He also does not allege that Defendants retained the sales tax he paid on his purchases. Any such allegation or argument would strain reason. Retailers briefly hold all collected sales tax in trust and promptly remit it to the Commonwealth. 72 P.S. § 7225 ("All taxes collected . . . shall constitute a trust fund for the Commonwealth."); id. § 7217(a)(2)– (4) (requiring monthly remittance). As this Court noted in *McLean*, "common sense dictates that the collection and remittances of sales tax has little to do with profit and revenue, and instead, basic compliance with the law." 2021 WL 2317417, at *4, n.2. If Defendants failed to remit sales tax to the Department of Revenue, they would risk the suspension or revocation of their business license. *See* 72 P.S. § 7208. The collected sales tax from the two Defendants totaled $0.45 and $0.36. To suggest that Defendants sought to retain those amounts of money or benefited from those amounts defies logic. Thus, Mr. James's allegations and arguments fail to convince the Court that a plausible claim for unjust enrichment exists in these circumstances.

Accordingly, Defendants' Motion to Dismiss, as regards Mr. James's Unjust Enrichment claim (Count IV), will be granted.

D. Misappropriation/Conversion

Defendants next argue that Mr. James's claim for Misappropriation/Conversion fails as a matter of law because the Second Amended Complaint does not allege that Defendants appropriated the sales tax for their own use. They also maintain that Mr. James's completion of the transaction and voluntary payment of that sales tax precludes a conversion claim. Mr. James contends that while the money he paid was given voluntarily, he had no such choice but to involuntary pay an overcharged amount. He further argues that because there was no "lawful justification" for charging tax on the sale of protective face masks, Defendants' collection of sales tax on those purchases amounted to conversion. Defendants respond that Mr. James' arguments fail because, Defendants did have a lawful justification to collect sales tax on protective face mask purchases since ""no statutory or regulatory change had occurred to alter that taxability of non-medical protective masks" at the time Plaintiff made his purchases. *McLean*, 2021 WL 2317417, at *6. Defendants also contend that there can be no conversion because Mr. James admits in his brief the payment was made voluntarily.

Under Pennsylvania law, conversion arises from the "deprivation of another's right of property in, or use or possession of a chattel, or other interference therewith, without the owner's consent and without justification." *Stevenson v. Econ. Bank of Ambridge*, 197 A.2d 721, 726 (Pa. 1964). Money may be the subject of conversion, but only "where the plaintiff had a property interest in the money at the time of the alleged conversion." *Wen v. Willis*, 117 F. Supp. 3d 673, 684 (E.D. Pa. 2015). The deprivation of possession, on its own, does not give rise to a claim of conversion; instead, there must be an "actual appropriation of the property by the offending party

for his own use." *Win & Son, Inc. v. City of Philadelphia*, 178 F. Supp. 3d 234, 242 (E.D. Pa. 2016). To invoke the voluntary payment defense, "the payment must truly have been voluntary and made with an unadulterated understanding of all of the elements of the payment." *Lawn v. Enhanced Serv. Billing, Inc.*, 10-CV-1196, 2010 WL 2773377, at *2 (E.D. Pa. July 13, 2010) (citing *Ochiuto v. Prudential Ins. Co.*, 356 Pa. 382, 52 A.2d 228, 230 (Pa.1947).

Here, Mr. James does not allege that Defendants kept the sales tax for their own use. As detailed above, the Pennsylvania tax collection scheme designates Defendants to collect the tax as an agent of the Department of Revenue, and it remains highly implausible that Defendants would have kept $0.45 and $0.36 per face mask for their own use when they were required to remit that money to the state. Therefore, without averments that Defendants kept sales tax for their own use, Mr. James's Conversion/Misappropriation claim fails. While Defendants make the additional argument that Mr. James voluntary paid the sales tax, the Second Amended Complaint does set forth that Mr. James maintained a comprehensive understanding of the elements of the payment. Thus, were the Court not otherwise dismissing the conversion/misappropriation claim on other grounds, the voluntary payment argument would be premature at this stage.

Accordingly, Defendants Motion to Dismiss, as regards Mr. James' (Count V) Conversion/Misappropriation claim, will be granted.

E.  Punitive Damages

As no claims remain, the Court need not decide Defendants' arguments on punitive damages. Accordingly, Defendants' Motion to Dismiss, as regards punitive damages, is denied as moot.

IV.  Conclusion

Following consideration of the foregoing, Defendants' Motion to Dismiss will be granted. As questions of law on the applicability of the UTPCPL, PFCEUA, Unjust Enrichment, and Conversion/Misappropriation to the facts as alleged predominate this Court's review of Mr. James's Second Amended Complaint, any amendment is deemed futile. Mr. James's Second Amended Complaint will be dismissed. A separate order will follow.

BY THE COURT:

Dated: July 9, 2021

_____
Marilyn J. Horan
United States District Judge